**UNITED STATES of America, Plaintiff,**

v.

**Martin Emil UNGER, Defendant.**

**Nos. CR 92–60096, CV 94–6480–HO.**

United States District Court, D. Oregon.

Sept. 6, 1995.

jeopardy. After considering the arguments and evidence presented by the parties, I conclude that the petition must be denied.

## FACTS

On January 15, 1992, Unger was indicted by a federal grand jury in the Eastern District of Texas for conspiracy to possess with intent to distribute and distribution of a controlled substance known as MDMA or Ecstacy. The criminal case was transferred to this district, and on December 11, 1992, Unger entered a guilty plea to a superseding indictment. On May 14, 1993, Unger was sentenced to 80 months incarceration followed by five years of supervised release.

Prior to the criminal proceedings, several related forfeitures were carried out. On May 1, 1990, the DEA seized about $28,-000.00 in United States currency and $51,-300.00 worth of Canadian gold coins from Unger. This property was forfeited to the State of California pursuant to stipulated judgment. On January 16, 1992, the DEA seized several weapons and pursued administrative forfeiture of this property. Unger petitioned for remission or mitigation of the forfeiture, but did not file a claim to this property. The DEA also administratively forfeited $2,198.00 in United States currency seized on January 16, 1992. Unger filed a petition for remission or mitigation of this forfeiture, but the request was denied.

On February 4, 1992, DEA agents seized a Cessna airplane and initiated administrative forfeiture proceedings on the grounds that the Cessna had been used to facilitate the conspiracy to distribute MDMA. On April 13, 1992, Unger submitted a $2,000.00 bond to the DEA, claiming ownership of the Cessna. The DEA then filed a complaint for civil forfeiture in the Eastern District of Texas. Unger was served with notice of the civil forfeiture action, but failed to file a claim in the judicial proceedings. On July 15, 1992, an order of default was entered against Unger, and on August 28, 1992, the court entered a final judgment of forfeiture against the Cessna.

Kristine Olson Rogers, United States Attorney, District of Oregon, Sean B. Hoar, Assistant United States Attorney, Eugene, OR, for plaintiff.

Arron Guevara, Assistant Federal Public Defender, Portland, OR, for defendant.

## OPINION

ROBERT E. JONES, Judge:

Defendant Martin Emil Unger petitions to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, on the grounds of double

## DISCUSSION

Unger moves to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, contending that his conviction violated the Double Jeopardy Clause because it occurred after he had been punished for the same offense through civil forfeiture. The record shows that several pieces of property were forfeited before Unger entered his guilty plea. Therefore, I must determine whether any of these forfeitures violated the Double Jeopardy Clause.

### 1. *The California Forfeiture*

■ Approximately $28,000.00 in United States currency and $51,300 in Canadian gold coins were forfeited to the State of California. I have previously found that the dual sovereignty doctrine applies where there has been a federal prosecution and a state forfeiture. *United States v. Branum,* 872 F.Supp. 801 (D.Or.1994). Under the dual sovereignty doctrine successive prosecutions, or as in this case, successive forfeiture and prosecution, are not barred by the Double Jeopardy Clause when carried out by separate sovereigns. *United States v. Traylor,* 978 F.2d 1131, 1132 (9th Cir.1992).

■ Unger argues, however, that his case falls within the "Bartkus" exception to the dual sovereignty doctrine. *Bartkus v. Illinois,* 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959). This narrow exception applies only where the second prosecution "is not pursued to vindicate the separate interests of the second sovereign, but is merely pursued as a sham on behalf of the sovereign first to prosecute." *United States v. Koon,* 34 F.3d 1416, 1438 (9th Cir.1994). To establish the *Bartkus* exception, Unger must do more than show that there was cooperation between federal and state authorities; he must show that the second prosecuting entity was acting as a "tool" for the first, or that the second proceeding is a sham carried out at the behest of the prior authority. *Koon* at 1439. Unger argues that the State of California used federal authorities as a tool to prosecute a case which California was prohibited from prosecuting, but offers no evidence to support this conclusory statement. I find that the record does not support application of the *Bartkus* exception, and that the dual sovereignty doctrine precludes Unger's double jeopardy challenge to the California forfeiture.

### 2. *The Judicial Forfeiture*

■ After the DEA initiated administrative proceedings to forfeit the Cessna airplane, Unger filed a claim and bond with the DEA. Pursuant to regulations, the DEA then referred the case to the United States Attorney's office for judicial forfeiture. Unger did not file a claim or otherwise participate in the judicial forfeiture proceedings, and the Cessna was forfeited to the United States after the entry of a default order and final judgment.

I have consistently held that a person who fails to file a claim in forfeiture proceedings is not subjected to jeopardy for the purposes of the Double Jeopardy Clause. *Branum,* 872 F.Supp. 801; *United States v. Sherrett,* 877 F.Supp. 519 (D.Or.1995). In the course of these rulings I have assumed without discussion that the Ninth Circuit's decision in *United States v. $405,089.23 U.S. Currency,* 33 F.3d 1210 (9th Cir.1994) (as amended upon denial of rehearing, 56 F.3d 41 (1995)), covers administrative forfeitures, as well as judicial forfeitures. This case requires me to consider the validity of that assumption.

The Ninth Circuit recently held that jeopardy does not attach when the putative owner of property to be forfeited fails to make a claim in administrative forfeiture proceedings. *United States v. Cretacci,* 62 F.3d 307 (9th Cir.1995). However, the Ninth Circuit did not hold that jeopardy could never attach in an administrative forfeiture. In *Montana Dept. of Revenue v. Kurth Ranch,* 511 U.S. ——, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994), the Supreme Court held that a state's attempt to collect a tax based on the possession of illegal drugs violated the Double Jeopardy Clause where the taxpayer had already been convicted of the same offense. The Court did not discuss the issue, but apparently assumed that jeopardy could attach in the administrative proceeding in which the Kurths were contesting the tax assessment.

Thus, it appears that an administrative proceeding could form the basis for a finding of double jeopardy. The question to be determined is whether jeopardy attached in this case. Under the applicable regulations, once Unger filed a claim and bond in the administrative forfeiture proceeding, the DEA was required to refer the matter to the Office of the United States Attorney, so that a judicial forfeiture complaint could be filed. 21 C.F.R. § 1316.78. Unlike the administrative proceeding in *Kurth Ranch*, this procedure did not provide for any finding on the merits at the administrative stage. In order to secure such a finding, Unger was required to file a claim and answer in the civil forfeiture action. He did not do so, but instead allowed a default order and judgment of forfeiture to be entered without his participation.

The Ninth Circuit has not yet made a clear statement as to the time when jeopardy attaches in a civil forfeiture case. In *United States v. Barton*, 46 F.3d 51, 52 (9th Cir. 1995), the Ninth Circuit stated that "[t]he earliest that jeopardy could have attached to the civil proceedings was ... when Barton filed his answer to the forfeiture complaint." I have previously held that jeopardy attaches in a civil forfeiture case when a final judgment is entered, or in cases that go to trial, when the jury is empaneled or the court begins to take evidence. *United States v. Stanwood*, 872 F.Supp. 791 (D.Or.1994). These guidelines are taken by analogy from criminal cases, and appear to me to provide the best means of determining the moment of jeopardy. By any of these measures, Unger had abandoned his claim before jeopardy attached in the civil forfeiture proceedings. The Ninth Circuit made it clear in *Cretacci* that a putative owner who abandons his claim to the defendant property is not subjected to jeopardy by the forfeiture. 62 F.3d 307.

Accordingly, I find that Unger was not subjected to jeopardy by the forfeiture of the Cessna, and that his subsequent conviction did not violate the Double Jeopardy Clause.

### 3. *The Administrative Forfeitures*

█ The DEA seized several weapons and $2,198.00 in United States currency from Un-

ger, and forfeited this property administratively. Unger submitted a petition for remission or mitigation of forfeiture as to each of these pieces of property, but did not otherwise pursue a claim in the administrative forfeiture proceedings. The DEA denied the petitions for remission and forfeited the property. Unger did not file claims in these administrative proceedings, and no complaints for judicial forfeiture were filed as to this property.

The regulations governing administrative forfeitures set up separate procedures to contest a proposed forfeiture and to petition for remission or mitigation of the forfeiture. A petition for remission does not require the filing of a claim or bond, and does not initiate a judicial forfeiture action. 28 C.F.R. § 9. Rather, a petition for remission or mitigation is an informal request for mercy which is left to the discretion of the administrative agency. For these reasons, I conclude that a petition for remission is not the equivalent of a claim, and that jeopardy does not attach in administrative proceedings involving only a petition for remission or mitigation of forfeiture.

Accordingly, I find that the administrative forfeitures of weapons and currency did not subject Unger to jeopardy, and that his subsequent conviction did not violate the Double Jeopardy Clause.

### CONCLUSION

For the reasons stated above, I conclude that none of the forfeitures involved in this case subjected Unger to double jeopardy. The petition for relief pursuant to 28 U.S.C. § 2255 is denied, and this case is dismissed.