**UNITED STATES of America, Plaintiff,**

v.

**William WRIGHT, Defendant.**

**Nos. CR 91–286–MA, CV 95–505–MA.**

United States District Court,
D. Oregon.

Oct. 5, 1995.

Kristine Olson, United States Attorney, District of Oregon, Frederick Petti, Assistant United States Attorney, Portland, OR, for Plaintiff.

Nancy Bergeson, Assistant Federal Public Defender, Portland, OR, for Defendant.

OPINION

ROBERT E. JONES, District Judge:

Defendant William Wright petitions to vacate his conviction pursuant to 28 U.S.C. § 2255, on the grounds of double jeopardy. In the alternative he requests that the court resentence him with a downward departure based on the forfeitures which occurred. After considering the arguments and evidence presented by the parties, I conclude that the petition must be denied.

FACTS

In October 1990 members of the Regional Organized Crime Network (ROCN) task force and the United States Drug Enforce-

ment Administration (DEA) commenced an investigation of marijuana growing and distribution by William Wright and others. On August 14, 1991, a federal indictment issued against Wright. On August 15, 1991, a search warrant was executed at Wright's residence in Roswell, Washington. As a result, a marijuana growing operation was discovered at the residence and a 1988 Toyota Landcruiser was seized.

In September 1991 the DEA sent Wright a letter stating that administrative forfeiture would be pursued against the Toyota, and on October 11, 1991, the DEA sent Wright formal notice of the seizure and administrative forfeiture. Wright did not make a claim to the Toyota, and the administrative forfeiture was completed on December 13, 1991. The State of Oregon also pursued civil forfeiture remedies against Wright in the District Court for Multnomah County. On February 11, 1992, Wright entered into a stipulated judgment wherein he agreed to forfeit $3,000 in settlement of the Oregon forfeiture action. The stipulated judgment was entered on February 28, 1992.

On October 22, 1991, Wright entered a guilty plea in federal court to one count of distributing marijuana. Wright was sentenced on January 17, 1992. He has now completed his prison sentence but remains under supervised release for three years.

## DISCUSSION

■ Wright moves to vacate his conviction pursuant to 28 U.S.C. § 2255, contending that his conviction violated the Double Jeopardy Clause. Wright contends that he was subjected to jeopardy in the forfeiture proceedings before jeopardy attached in his criminal case. In order to reach this conclusion, he argues against the standards set out in *United States v. Stanwood*, 872 F.Supp. 791 (D.Or.1994), where I held that jeopardy attaches in a civil forfeiture case when the forfeiture is completed. *Stanwood* also held that jeopardy attaches in a criminal case when the court accepts a guilty plea from the defendant. I recently discussed this issue at length in *United States v. Unger*, 898 F.Supp. 740 (D.Or.1995), and concluded that

the *Stanwood* analysis was consistent with recent Ninth Circuit decisions.

■ Accordingly, it is clear that jeopardy attached in Wright's criminal case when the district court accepted his guilty plea on October 22, 1991. This event occurred before the DEA's administrative forfeiture of the Toyota was completed, and before final judgment was entered in the state forfeiture proceeding. Therefore, Wright's conviction did not violate the Double Jeopardy Clause.

■ In addition, it is clear that even if the timing of events had been different, neither of the forfeitures would have violated the Double Jeopardy Clause. Wright was not subjected to jeopardy by the administrative forfeiture of the Toyota because he did not file a claim. The Ninth Circuit recently held that the administrative forfeiture of unclaimed property does not violate the Double Jeopardy Clause. *United States v. Cretacci*, 62 F.3d 307 (9th Cir.1995).

■ Under the dual sovereignty doctrine the forfeiture of $3,000 was not barred because it was carried out by a separate sovereign. *United States v. Branum*, 872 F.Supp. 801 (D.Or.1994). Wright attempts to invoke the '*Bartkus*' exception to the dual sovereignty doctrine, but his conclusory allegations are insufficient to satisfy this narrow exception. *Bartkus v. Illinois*, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959); *United States v. Koon*, 34 F.3d 1416, 1438 (9th Cir. 1994).

In the alternative, Wright contends that he is entitled to a downward departure in his sentence based on the forfeitures. Although the Ninth Circuit rejected such departures in *United States v. Crook*, 9 F.3d 1422 (9th Cir.1993), Wright argues that *Crook* is no longer valid in light of *United States v. $405,089.23*, 33 F.3d 1210 (9th Cir.1994), *as amended on den. of rehear'g*, 56 F.3d 41 (1995). This issue has not yet been addressed by the courts. In any event, determinations regarding resentencing are best left to the original sentencing judge. Therefore, I return this case to the Honorable Malcolm F. Marsh for all further proceedings.

## CONCLUSION

Wright's petition to vacate his conviction pursuant to 28 U.S.C. § 2255 is denied. The case is referred back to the Honorable Malcolm F. Marsh for all further proceedings, including the determination of Wright's request for resentencing.