900 F.Supp. 238 (1995)
Charles Boston JONES, Movant,
v.
UNITED STATES of America, Respondent.
No. 4:95CV00782 GFG.
United States District Court, E.D. Missouri, Eastern Division.
October 12, 1995.
Jeff S. Allder, El Paso, TX, for petitioner.
Edward J. Rogers, Office of U.S. Attorney, St. Louis, MO, for respondent.

ORDER
GUNN, District Judge.
This matter is before the Court on a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The motion states only one ground for relief: Jones maintains that his conviction violates the Double Jeopardy Clause.
The parties agree regarding the following facts. On January 11, 1991 a 1987 International brand semi-tractor truck bearing ID # 2HSFBT6R7HC0872 was seized by agents of the United States Drug Enforcement Administration ("DEA") in El Paso, Texas. On January 25, 1991 Jones was indicted by the Grand Jury of the United States District Court for the Eastern District of Missouri and charged with conspiracy to possess with intent to distribute and/or distribution of marijuana (Count I) and distribution of marijuana (Count II). On March 27, 1991 the Grand Jury of the same court returned a superseding indictment in which additional defendants were charged in Count I of the indictment.
On August 19, 1991 the trial of Jones began, and on August 26, 1991 the jury returned a verdict of Guilty on both counts of the superseding indictment. Jones was sentenced on January 22, 1992 to a term of imprisonment of one hundred fifty-one (151) months concurrently on each count.
On April 17, 1991 DEA administratively forfeited the truck pursuant to 21 U.S.C. § 881(a)(4).[1] Section 881(d) makes many of *239 the provisions of the customs laws relating to forfeiture, found in the Tariff Act of 1930, 19 U.S.C. §§ 1581-1631, applicable to forfeitures brought pursuant to § 881(a)(4). Under the customs laws, administrative forfeiture may proceed if the vehicle was used to transport any controlled substance. 19 U.S.C. § 1607(a)(3). Written notice must be sent to each party "who appears to have an interest in the seized article." 19 U.S.C. § 1607(a). If no one files a claim within twenty days, then DEA may declare the property forfeited and sell it at a public auction "in the same manner as merchandise abandoned to the United States is sold." 19 U.S.C. § 1609(a). If a person files a claim and posts the requisite bond of $5,000 or ten percent of the value of the claimed property, whichever is lower but not less than $250, then the matter is referred to a United States attorney who must initiate judicial forfeiture proceedings. 19 U.S.C. § 1610. If a claimant proves his financial inability to post the bond, the bond requirement will be waived. 19 C.F.R. § 162.47(e).
The Declaration of Forfeiture states that there were no claims timely filed for the property. (Exh. 1.) Jones admits that he received notice of the seizure and states that he filed a claim and a request to proceed in forma pauperis. (Mov.Reply to Gov.Resp. at 2, Attachs.) Jones explains that the government denied his request to proceed in forma pauperis as "not adequately supported" and subsequently forfeited the truck when Jones was unable to provide the bond demanded by DEA. (Mov.Reply to Gov.Resp. at 2.)
Jones claims that in light of the forfeiture, his subsequent conviction violates the Double Jeopardy Clause. The Double Jeopardy Clause protects against multiple punishments for the same offense. United States v. Halper, 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487 (1989). The Supreme Court has determined that forfeitures under the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 881(a)(4), (7), are not solely remedial but penal. Austin v. U.S., ___ U.S. ___, ___, 113 S.Ct. 2801, 2810, 125 L.Ed.2d 488 (1993). Therefore, the forfeiture of the truck in this case constitutes "punishment." Additionally, the Court will assume, as Jones contends, that the forfeiture and criminal conviction in this case are punishment for the same offense and that the forfeiture and criminal prosecution constituted separate proceedings. Under these circumstances, Jones' conviction may violate the Fifth Amendment's Double Jeopardy Clause. See generally United States v. Ursery, 59 F.3d 568 (6th Cir.1995), petition for cert. filed, 64 USLW 3161 (U.S. Aug. 28, 1995) (No. 95-345); United States v. $405,089.23 U.S. Currency, 33 F.3d 1210 (9th Cir.1994); United States v. Torres, 28 F.3d 1463 (7th Cir.), cert. denied, ___ U.S. ___, 115 S.Ct. 669, 130 L.Ed.2d 603 (1994).
However, it is axiomatic that "an accused must suffer jeopardy before he can suffer double jeopardy." Serfass v. United States, 420 U.S. 377, 393, 95 S.Ct. 1055, 1065, 43 L.Ed.2d 265 (1975). "Without risk of a determination of guilt, jeopardy does not attach, and neither an appeal nor further prosecution constitutes double jeopardy." Serfass, 420 U.S. at 391-92, 95 S.Ct. at 1064. The party claiming double jeopardy must have been a party to the forfeiture proceeding; otherwise, jeopardy does not attach because that person was never at risk of having a forfeiture judgment entered against him. United States v. Baird, 63 F.3d 1213, 1218-19 (3d Cir.1995); United States v. Cretacci, 62 F.3d 307, 310-11 (9th Cir.1995); Ursery, 59 F.3d at 572; Torres, 28 F.3d at 1465; Ringor v. United States, 887 F.Supp. 1371, 1376-78 (D.Haw.1995); United States v. Walsh, 873 F.Supp. 334, 337 (D.Ariz.1994); United States v. Branum, 872 F.Supp. 801, 803 (D.Or.1994); United States v. Kemmish, 869 F.Supp. 803, 805 (S.D.Cal.1994). Therefore, the Court in this case must address the threshold issue of attachment and must decide *240 whether jeopardy attached when the Declaration of Forfeiture issued.
Jones argues that he made a claim to the property and became a party to the forfeiture proceeding. The Court does not agree. There are certain rules described above which apply when a person wishes to become a party to an administrative forfeiture proceeding. A person must overcome such procedural hurdles to contest the forfeiture. Indeed, the person who fails to perfect his claim, just as one who chooses not to contest the forfeiture, is never in jeopardy because one cannot be in jeopardy without being subject to the risk of an adjudication of guilt or innocence. Serfass, 420 U.S. at 391-92, 95 S.Ct. at 1064. Therefore, because Jones did not fulfill the procedural requirements and subject himself to a proceeding where his guilt or innocence might be determined, he was never in jeopardy and cannot prevail on his claim that his subsequent conviction violated the Double Jeopardy Clause. See United States v. Unger, 898 F.Supp. 740, (D.Or. 1995) (finding that an administrative forfeiture did not implicate the Double Jeopardy Clause when the party filed a claim and posted the requisite bond but failed to file a claim and answer in the civil forfeiture case initiated upon referral of the administrative proceeding to the Office of the United States Attorney); United States v. Muth, 896 F.Supp. 196 (D.Or.1995) (finding that an administrative forfeiture did not implicate the Double Jeopardy Clause when the party's request to proceed in forma pauperis with his claim was denied for unsatisfactory proof and the party failed to perfect his claim by posting the bond or taking further action.)
Apparently, Jones sought no further relief following the denial of his request to proceed in forma pauperis; for example, there is no evidence that Jones sought to amend his request to supply adequate documentation. The Court additionally notes that it has reviewed the claim and the declaration Jones filed in support of his request to proceed in forma pauperis. (Mov.Reply to Gov.Resp.Attachs.) In his declaration dated February 26, 1991, Jones asserted that he was employed but had not worked for over a month since DEA seized his truck on January 7, 1991; he also claimed to have received during the past twelve months $106,307.83 in salary plus $9,564.00 in retirement benefits from the United States Army. He stated that he had an overdrawn checking account and supported his wife and son. As for property owned, Jones cited the seized truck as worth $50,000 and a 1990 Chrysler Imperial with a "$14,000 balance owed." The declaration included no attached documentation. The Court assumes that the required bond would have been $5,000. With a yearly income of over $110,000 and no additional information or documentation explaining why Jones was unable to post the demanded bond, the Court finds that Jones' Declaration in Support of his Request to Proceed in Forma Pauperis was inadequately supported and did not prove Jones' financial inability to post the bond. 19 C.F.R. § 162.47(e). Accordingly,
IT IS HEREBY ORDERED that the motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 of Charles Boston Jones is denied.
NOTES
[1] The Court assumes that the truck was forfeited pursuant to subsection (a)(4) of § 881 because the government in its response alleges that on or about December 12, 1990, Jones "used [the truck] ... to transport marijuana through the Eastern District of Missouri and unloaded a quantity of marijuana at a truck stop in the Eastern District of Missouri." (Resp't Resp. to Movant's Mot. at ¶ 1.) Section 881(a)(4) subjects "[a]ll conveyances, including ... vehicles ..., which are used ... to transport or in any manner to facilitate the transportation, sale, receipt, possession, or concealment" of controlled substances in violation of Subchapter I of the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. §§ 801-904. 21 U.S.C. § 881(a)(4).