**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**$405,089.23 U.S. CURRENCY,**
**et al., Defendants.**

**Charles Arlt, James Wren, Payback Mines, Claimants–Appellants.**

**No. 93–55947.**

United States Court of Appeals,
Ninth Circuit.

May 30, 1995.

Charles Wesley Arlt, Lompoc, CA, and James Eli Wren, Lompoc, CA, pro se, for claimants-appellants.

Mark A. Feldman, Asst. U.S. Atty., Los Angeles, CA, for plaintiff-appellee.

Jeffry K. Finer, Finer & Pugsley, P.S., Spokane, WA, Jeffrey Steinborn, Seattle, WA, Brenda Grantland, Forfeiture Endangers American Rights, Mill Valley, CA, Shawn R. Perez, Santa Ana, CA, for defendant-appellant.

Richard S. Troberman, Seattle, WA, E.E. Edwards, III, Nashville, TN, David Michael, San Francisco, CA, David B. Smith, Alexandria, VA, Attorneys for *Amicus Curiae* National Association of Criminal Defense Lawyers.

Before: POOLE and REINHARDT, Circuit Judges, and TANNER,* District Judge.

**ORDER**

The opinion filed September 6, 1994, 33 F.3d 1210, is amended as follows:

---

\* Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation.

On 33 F.3d at 1220, please add the following footnote at the end of the text and renumber the footnotes accordingly:

Our adoption of this categorical approach is also compelled by the Supreme Court's recent decision in *Department of Revenue of Montana v. Kurth Ranch,* —— U.S. ——, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994). There, the Supreme Court applied *Austin*'s categorical approach for determining when punishment has been imposed in a Double Jeopardy case arising pursuant to a state statute that taxed drug monies. *Id.* at ——, 114 S.Ct. at 1948.

All of the panel members have voted to deny the petition for rehearing.

Judge Poole and Judge Reinhardt have voted to reject the suggestion for rehearing en banc and Judge Tanner has so recommended.

The full court was advised of the suggestion for rehearing en banc. A judge of the court requested a vote as to whether to take the case en banc, and a vote was taken. The request failed to secure the affirmative vote of a majority of the active non-recused members of the court.

The petition for rehearing is denied and the suggestion for rehearing en banc is rejected.

RYMER, Circuit Judge, with whom Circuit Judges CYNTHIA HOLCOMB HALL, WIGGINS, KOZINSKI, O'SCANNLAIN, TROTT and T.G. NELSON join, dissenting from the order rejecting the suggestion for rehearing en banc:

By failing to rehear this case en banc, the court lets stand a decision that "could free hundreds of drug dealers across the western United States." *Why a Major Drug Suspect May Go Free,* S.F. Chron., May 9, 1995, at A1.[1]

The panel held that the government could not convict a drug dealer of trafficking in drugs and then seek civil forfeiture of the proceeds of the illegal transactions. It reasoned that to do so "punishes"—or prosecutes—the dealer twice for the same offense and thus runs afoul of the Double Jeopardy Clause. The flip side of the panel's reasoning is that a drug dealer whose illegally obtained proceeds have previously been seized may not thereafter be prosecuted because he will already have been "punished." This cannot be right.

The Supreme Court has held that the civil forfeiture of contraband is a remedial sanction that does not constitute punishment for double jeopardy purposes. *United States v. One Assortment of 89 Firearms,* 465 U.S. 354, 104 S.Ct. 1099, 79 L.Ed.2d 361 (1984). Proceeds are the functional equivalent of contraband. Yet the panel's opinion writes *89 Firearms* off the books by taking one line in *United States v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), and *Austin v. United States,* —— U.S. ——, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993), an *excessive fines* case, out of context and surmising that "the Court changed its collective mind" about *double jeopardy*—despite the fact that the Court itself didn't say that it had. This can't be right, either.

*Halper* did not involve civil forfeiture, but rather a civil fine under the False Claims Act, 31 U.S.C. §§ 3729–3731. In that context, the Court stated that "a civil sanction that cannot fairly be said solely to serve a remedial purpose, but rather can only be explained as also serving either retributive or

---

1. As the Chronicle reported:

Charges against an Oakland man who allegedly ran one of the Bay Area's biggest heroin-smuggling rings may be dropped today as the result of a controversial court ruling that could free hundreds of drug dealers across the western United States.

Pius Ailemen may beat drug trafficking charges in federal court in San Francisco on grounds that a conviction would amount to double jeopardy—authorities have already punished him by seizing his 1991 Alfa Romero and $4,900 in cash.

The Ailemen case may be the most prominent in California since a U.S. Court of Appeals ruled last year that the government cannot prosecute an alleged drug dealer and separately seize his assets. The ruling has caused hundreds of prisoners to flood the courts with demands for release on double-jeopardy grounds.

"The implications of the decision are staggering," said federal public defender Barry Portman in San Francisco. "If you take this to its logical conclusion, countless people are going to get off."

deterrent purposes, is punishment, as we have come to understand the term." [2] 490 U.S. at 448, 109 S.Ct. at 1902. The Court picked up on this statement in *Austin*, where the issue was whether civil forfeitures of automobiles and real property under 21 U.S.C. §§ 881(a)(4) and (a)(7) are subject to the limitations of the Excessive Fines Clause of the Eighth Amendment. Because the Excessive Fines Clause is implicated whenever a sanction serves at least in part to punish and does not solely serve a remedial purpose, the Court concluded that instrumentality forfeitures are subject to excessiveness analysis because they are at least partly punishment.

The panel's opinion collapses *Halper* into *Austin*, converting *Halper*'s rule of reason for the "rare" case into a per se rule for the routine case. It also merges the inquiry for excessive fines cases—whether the amount forfeited is partly punishment—into double jeopardy cases, where the issue is whether the amount forfeited is entirely punishment. And, perhaps most critically, the opinion treats *proceeds*, which are forfeitable under § 881(a)(6), like a car or a house used to facilitate a drug offense. This has to be wrong. *89 Firearms*—which *Austin* distinguishes but leaves intact—says otherwise; and so does the Fifth Circuit, with which we are now squarely in conflict. *United States v. Tilley*, 18 F.3d 295, 300 (5th Cir.) (post-*Austin* and post-*Halper*, forfeiture of illegal proceeds cannot be punishment for double jeopardy purposes because it is of property to which the defendant never had a legal right and "it exacts no price in liberty or

lawfully derived property"), *cert. denied*, —— U.S. ——, 115 S.Ct. 574, 130 L.Ed.2d 490 (1994).

*If* the Supreme Court *has* changed its mind—if instead of being a *remedial* sanction that does not trigger the double jeopardy bar as *89 Firearms* held with respect to contraband, separating a drug trafficker from the proceeds of his trafficking is *punishment* which either bars forfeiture after conviction or prosecution after seizure—it is up to that Court to say so. I question whether it has.[3] However, the panel has read the Court's excessive fines and double jeopardy jurisprudence differently. Given the national importance of the civil forfeiture program and the damage that can be wrought from getting it wrong, I dissent from our failure to go en banc.

---

2. *Halper* adopted a rule of reason "for the rare case" where "a fixed-penalty provision subjects a prolific but small-gauge offender to a sanction overwhelmingly disproportionate to the damages he has caused." 490 U.S. at 449, 109 S.Ct. at 1902. Under those circumstances, the defendant is entitled to an accounting of the government's damages and costs to determine if the penalty amounts to a second punishment.

3. It is unclear where *Montana Department of Revenue v. Kurth Ranch*, —— U.S. ——, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994), handed down after the panel's opinion was submitted, fits into the equation. *See, e.g., United States v. Torres*, 28 F.3d 1463 (7th Cir.) (Easterbrook, J., suggesting that *Austin, Halper* and *Kurth Ranch* together

may require as a practical matter that all forfeitures be initiated through criminal proceedings), *cert. denied*, —— U.S. ——, 115 S.Ct. 669, 130 L.Ed.2d 603 (1994). But for present purposes, it suffices to note that *Kurth Ranch* was a double jeopardy case (involving a tax on possession of marijuana imposed after a criminal penalty had been assessed for the same conduct) that was decided after *Austin*, yet mentioned *Austin* only in passing and then only as holding that a civil forfeiture may violate the Eighth Amendment's proscription against excessive fines. *Kurth Ranch*, —— U.S. at ——, 114 S.Ct. at 1945.