October 26, 1995
 [NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 95-1700 

 UNITED STATES OF AMERICA,

 Plaintiff, Appellee,

 v.

 ONE 1981 MERCEDES BENZ, VIN, WDBBA45ABB008518 AND ONE LOT OF
 $6,122.00 IN U.S. CURRENCY,

 Defendant, Appellee,

  

 FRANK M. GOLDMAN,

 Claimant, Appellant.

  

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. William G. Young, U.S. District Judge] 
 

 Before

 Cyr, Boudin and Lynch,
 Circuit Judges. 

 

Frank Goldman on brief pro se. 
Donald K. Stern, United States Attorney, and Richard L. Hoffman, 
Assistant United States Attorney, on brief for appellee.

 

 

 Per Curiam. Claimant Frank Goldman appeals pro se from 

the district court's grant of summary judgment in favor of

the United States in this civil forfeiture action under 21

U.S.C. 881(a)(6). Goldman was previously convicted of

trafficking offenses in connection with his attempted sale of

cocaine to a government undercover agent. The facts and the

extensive evidence against Goldman are summarized in our

decision affirming his conviction. United States v. Goldman, 

41 F.3d 785 (1st Cir. 1994), cert. denied, 115 S. Ct. 1321 

(1995).

 In connection with Goldman's arrest, law enforcement

officers at the scene seized $722 from Goldman's person and

$5,400 from the trunk of Goldman's car. Most of the seized

currency was in small denominations and the currency taken

from the car was in an open gym bag underneath a paper bag

containing two kilograms of cocaine. While the criminal case

was pending, the government filed a civil forfeiture action

against the seized currency under 21 U.S.C. 881(a)(6). 

 Ultimately, Goldman filed a motion for summary judgment;

in an accompanying affidavit, he asserted that the money in

the gym bag was the remainder of a $12,000 inheritance from

his father that Goldman had been planning to deposit in the

bank. The government cross-moved for summary judgment,

supported by transcripts of the testimony in Goldman's

criminal trial. The district court granted the government's

motion, and this appeal followed.

 We need not resolve Goldman's argument that civil

forfeiture for the same conduct previously made the subject

of a criminal conviction would violate the double jeopardy

clause of the Fifth Amendment. Compare United States v. 

$405,089.23 U.S. Currency, 33 F.3d 1210, 1216-22 (9th Cir. 

1994), amended 56 F.3d 41 (1995), with United States v. 

Tilley, 18 F.3d 295, 297-300 (5th Cir.), cert. denied, 115 S. 

Ct. 573 (1994). There is no indication that the currency in

question derived from any transaction for which Goldman was

convicted or was linked to any prior conviction. Thus, no

double jeopardy question is presented. 

 The government had a relatively light burden to show

probable cause to believe the seized currency was

forfeitable, see United States v. 255 Broadway, 9 F.3d 1000, 

1003 (1st Cir. 1993), and the facts already described amply

met that burden. The obligation then shifted to Goldman to

provide specific facts showing that there was a genuine issue

of material fact for trial. See Fed. R. Civ. P. 56(e). In 

our view, the notion that Goldman's alleged inheritance was

being carried around in small bills in an open gym bag

underneath cocaine in the trunk of his car is sufficiently

fanciful that no trial was required. Affirmed. 

 -3- -3-