USCA1 Opinion

 

 October 26, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 95-1700  UNITED STATES OF AMERICA, Plaintiff, Appellee, v. ONE 1981 MERCEDES BENZ, VIN, WDBBA45ABB008518 AND ONE LOT OF $6,122.00 IN U.S. CURRENCY, Defendant, Appellee,  ____________ FRANK M. GOLDMAN, Claimant, Appellant.  ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. William G. Young, U.S. District Judge] ___________________ ____________________ Before Cyr, Boudin and Lynch, Circuit Judges. ______________ ____________________ Frank Goldman on brief pro se. _____________ Donald K. Stern, United States Attorney, and Richard L. Hoffman, _______________ ___________________ Assistant United States Attorney, on brief for appellee. ____________________ ____________________ Per Curiam. Claimant Frank Goldman appeals pro se from __________ the district court's grant of summary judgment in favor of the United States in this civil forfeiture action under 21 U.S.C. 881(a)(6). Goldman was previously convicted of trafficking offenses in connection with his attempted sale of cocaine to a government undercover agent. The facts and the extensive evidence against Goldman are summarized in our decision affirming his conviction. United States v. Goldman, _____________ _______ 41 F.3d 785 (1st Cir. 1994), cert. denied, 115 S. Ct. 1321 ____________ (1995). In connection with Goldman's arrest, law enforcement officers at the scene seized $722 from Goldman's person and $5,400 from the trunk of Goldman's car. Most of the seized currency was in small denominations and the currency taken from the car was in an open gym bag underneath a paper bag containing two kilograms of cocaine. While the criminal case was pending, the government filed a civil forfeiture action against the seized currency under 21 U.S.C. 881(a)(6).  Ultimately, Goldman filed a motion for summary judgment; in an accompanying affidavit, he asserted that the money in the gym bag was the remainder of a $12,000 inheritance from his father that Goldman had been planning to deposit in the bank. The government cross-moved for summary judgment, supported by transcripts of the testimony in Goldman's criminal trial. The district court granted the government's motion, and this appeal followed. We need not resolve Goldman's argument that civil forfeiture for the same conduct previously made the subject of a criminal conviction would violate the double jeopardy clause of the Fifth Amendment. Compare United States v. _______ _____________ $405,089.23 U.S. Currency, 33 F.3d 1210, 1216-22 (9th Cir. __________________________ 1994), amended 56 F.3d 41 (1995), with United States v. _______ ____ _____________ Tilley, 18 F.3d 295, 297-300 (5th Cir.), cert. denied, 115 S. ______ ____________ Ct. 573 (1994). There is no indication that the currency in question derived from any transaction for which Goldman was convicted or was linked to any prior conviction. Thus, no double jeopardy question is presented.  The government had a relatively light burden to show probable cause to believe the seized currency was forfeitable, see United States v. 255 Broadway, 9 F.3d 1000, ___ _____________ ____________ 1003 (1st Cir. 1993), and the facts already described amply met that burden. The obligation then shifted to Goldman to provide specific facts showing that there was a genuine issue of material fact for trial. See Fed. R. Civ. P. 56(e). In ___ our view, the notion that Goldman's alleged inheritance was being carried around in small bills in an open gym bag underneath cocaine in the trunk of his car is sufficiently fanciful that no trial was required. Affirmed. ________ -3- -3-