68 F.3d 455
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
 UNITED STATES of America, Plaintiff, Appellee,
v.
ONE 1981 MERCEDES BENZ, VIN, WDBBA45ABB008518 and One Lot of
$6,122.00 in U.S. Currency, Defendant, Appellee,
Frank M. GOLDMAN, Claimant, Appellant.
 
 No. 95-1700.
 United States Court of Appeals,
 First Circuit.
 Oct. 26, 1995.
 Appeal from the United States District Court for the District of Massachusetts; Hon. William G. Young, U.S. District Judge.
 Frank Goldman on brief pro se.
 Donald K. Stern, United States Attorney, and Richard L. Hoffman, Assistant United States Attorney, on brief for appellee.
 Before CYR, BOUDIN and LYNCH, Circuit Judges.
 Per Curiam.
 
 
 1
 Claimant Frank Goldman appeals pro se from the district court's grant of summary judgment in favor of the United States in this civil forfeiture action under 21 U.S.C. Sec. 881(a)(6). Goldman was previously convicted of trafficking offenses in connection with his attempted sale of cocaine to a government undercover agent. The facts and the extensive evidence against Goldman are summarized in our decision affirming his conviction. United States v. Goldman, 41 F.3d 785 (1st Cir.1994), cert. denied, 115 S.Ct. 1321 (1995).
 
 
 2
 In connection with Goldman's arrest, law enforcement officers at the scene seized $722 from Goldman's person and $5,400 from the trunk of Goldman's car. Most of the seized currency was in small denominations and the currency taken from the car was in an open gym bag underneath a paper bag containing two kilograms of cocaine. While the criminal case was pending, the government filed a civil forfeiture action against the seized currency under 21 U.S.C. Sec. 881(a)(6).
 
 
 3
 Ultimately, Goldman filed a motion for summary judgment; in an accompanying affidavit, he asserted that the money in the gym bag was the remainder of a $12,000 inheritance from his father that Goldman had been planning to deposit in the bank. The government cross-moved for summary judgment, supported by transcripts of the testimony in Goldman's criminal trial. The district court granted the government's motion, and this appeal followed.
 
 
 4
 We need not resolve Goldman's argument that civil forfeiture for the same conduct previously made the subject of a criminal conviction would violate the double jeopardy clause of the Fifth Amendment. Compare United States v. $405,089.23 U.S. Currency, 33 F.3d 1210, 1216-22 (9th Cir.1994), amended 56 F.3d 41 (1995), with United States v. Tilley, 18 F.3d 295, 297-300 (5th Cir.), cert. denied, 115 S.Ct. 573 (1994). There is no indication that the currency in question derived from any transaction for which Goldman was convicted or was linked to any prior conviction. Thus, no double jeopardy question is presented.
 
 
 5
 The government had a relatively light burden to show probable cause to believe the seized currency was forfeitable, see United States v. 255 Broadway, 9 F.3d 1000, 1003 (1st Cir.1993), and the facts already described amply met that burden. The obligation then shifted to Goldman to provide specific facts showing that there was a genuine issue of material fact for trial. See Fed.R.Civ.P. 56(e). In our view, the notion that Goldman's alleged inheritance was being carried around in small bills in an open gym bag underneath cocaine in the trunk of his car is sufficiently fanciful that no trial was required.
 
 
 6
 Affirmed.