**UNITED STATES**

v.

**ONE 1990 MERCEDES BENZ.**

**No. 93–CV–156 (FJS) (GJD).**

United States District Court,
N.D. New York.

Dec. 7, 1995.

Thomas J. Maroney, United States Attorney, Syracuse, NY (Andrew T. Baxter, of counsel), for U.S.

Falco, Falco & Sobolevsky, Mark J. Falco, Syracuse, NY, for defendant.

### DECISION AND ORDER

SCULLIN, District Judge:

### INTRODUCTION

This action involves a civil forfeiture of property that is directly traceable to the funds involved in a currency structuring scheme that was the subject of *U.S. v. Roy L. Rogers*, 94–CR–138 (N.D.N.Y.), a related criminal proceeding. Presently before the Court is a motion to dismiss this action filed by Edith Griffin, a claimant in the above-entitled matter.

While Ms. Griffin is a claimant in the present civil forfeiture action, she was also a

defendant in the earlier criminal action. At the conclusion of that trial, Ms. Griffin was acquitted of the currency structuring charges against her.[1] Based upon her acquittal in the related criminal action, Ms. Griffin claims that the present civil forfeiture action should be dismissed because it is barred by the double jeopardy clause of the Fifth Amendment to the United States Constitution.

## BACKGROUND

In March 1992, Roy Rogers, Ms. Griffin's brother, decided to purchase the 1990 Mercedes Benz Sedan that is the subject of the present action. The price for the vehicle was $23,000, and Mr. Rogers advised the seller that he intended to pay for it in cash. Following his discussion with the seller, Mr. Rogers borrowed $12,000 of the purchase price from Ms. Griffin.[2] As a result of the seller's desire to be paid by check, however, Mr. Rogers was forced to recruit three individuals to help him convert $23,265 in currency into three cashier's checks which could be used to buy the vehicle. With the assistance of those three individuals, Mr. Rogers was ultimately able to obtain three cashier's checks in the amount of $7,755, each made out to the seller of the Mercedes Benz.

On April 4, 1992, Mr. Rogers and Ms. Griffin consummated the purchase of the vehicle, with Ms. Griffin taking title to the vehicle and Mr. Rogers registering it in his name. In August 1992, the Internal Revenue Service, Criminal Investigation Division ("IRS–CID") began to investigate various currency transactions involving Mr. Rogers and other parties. On September 18, 1992, the IRS–CID seized the Mercedes Benz purchased by Mr. Rogers and Ms. Griffin, pursuant to a civil seizure warrant issued by Magistrate Judge DiBianco. Subsequently, on February 2, 1993, the United States filed a civil complaint seeking forfeiture of the Mercedes Benz pursuant to 18 U.S.C. § 981(a)(1)(A), based on a currency structuring violation of 31 U.S.C. § 5324(3).[3] Soon thereafter, on February 22, 1993, the first criminal Indictment was filed against Roy Rogers and Edith Griffin.

On March 24, 1993, a federal grand jury returned a Superseding Indictment charging Roy Rogers and Edith Griffin with conspiracy and structuring cash transactions to evade currency reporting requirements. The civil forfeiture action was stayed pending the resolution of the criminal charges. Following a jury trial, Mr. Rogers was convicted on the conspiracy and structuring charges while Ms. Griffin was acquitted on those charges.[4] In July 1994, Mr. Rogers was retried on the same charges and again found to be guilty.

On August 9, 1994, this Court issued a Preliminary Order of Forfeiture in Criminal Action No. 94–CR–138, as to the 1990 Mercedes Benz, based on the special verdict returned by the jury in Mr. Rogers' retrial. Ms. Griffin then filed a petition alleging a claim to the vehicle, which triggered the need for the Court to conduct an ancillary hearing. That hearing was consolidated with the civil forfeiture action and scheduled to be heard at the time that the present motion was filed.

## DISCUSSION

As stated above, Ms. Griffin argues that her acquittal on the structuring charges in the earlier criminal trial creates a double jeopardy defense to the present action. She argues that the forfeiture action constitutes additional punishment for the same offense that she was previously acquitted of commit-

---

1. Ms. Griffin's brother, Roy L. Rogers, was convicted of the currency structuring charges brought against him in the earlier action.

2. The circumstances surrounding this "loan" are somewhat in dispute. This dispute is not relevant to the matter presently before the Court, however, as it has no bearing on the double jeopardy implications of the civil forfeiture action.

3. 18 U.S.C. § 981(a)(1)(A) states in pertinent part that

the following property is subject to forfeiture to the United States:
(A) Any property, real or personal, involved in a transaction or attempted transaction in violation of section 5313(a) or 5324(a) of title 31 ... or any property traceable to such property.

4. Ms. Griffin was convicted on a charge of making a false statement to federal authorities conducting a criminal investigation.

ting. In support of this motion, Ms. Griffin mistakenly places great reliance on the Ninth Circuit's interpretation of recent Supreme Court cases concerning the issue of double jeopardy. *See U.S. v. $405,089.23 U.S. Currency,* 33 F.3d 1210 (9th Cir.1994), *amended by* 56 F.3d 41 (9th Cir.1995).

In *$405,089.23 U.S. Currency,* the Ninth Circuit held that the double jeopardy clause barred a civil forfeiture action following a criminal prosecution involving the same underlying conduct. In so holding, the court acknowledged the fact that both the Second and Eleventh Circuits had previously held that as long as the civil and criminal prosecutions were part of a "single, coordinated prosecution," there were no double jeopardy implications. *See U.S. v. One Single Family Residence,* 13 F.3d 1493 (11th Cir.1994); *U.S. v. Millan,* 2 F.3d 17 (2d Cir.1993), *cert. denied,* ____ U.S. ____, 114 S.Ct. 922, 127 L.Ed.2d 215 (1994). In response to these holdings, the Ninth Circuit stated that it "believe[d] that the position adopted by the Second and Eleventh Circuits contradicts controlling Supreme Court precedent as well as common sense." *$405,089.23 U.S. Currency,* 33 F.3d at 1216.

While the decision in *$405,089.23 U.S. Currency* supports Ms. Griffin's double jeopardy argument, this Court is not bound by the Ninth Circuit's interpretation of the law. This is especially true where, as here, the Second Circuit has specifically addressed the issue before the Court. Accordingly, the Court is bound to follow *Millan* and the other Second Circuit cases addressing this issue, notwithstanding the fact that the Ninth Circuit may disagree with their correctness.

In *U.S. v. Millan,* the defendants were arrested and their property seized following an investigation of heroin distribution activity. The defendants were indicted on criminal drug charges on August 14, 1991.[5] It was not until December 26, 1991, however, that the government filed the civil forfeiture complaint against the property that had been seized on the date of the initial arrests. Following the filing of a superseding indictment on October 5, 1992, the parties entered into a stipulation whereby the defendant agreed to forfeit almost $240,000 in cash along with other assets. As a result of this stipulation, the civil forfeiture action was dismissed. *Millan,* 2 F.3d at 18–19.

Prior to the commencement of the criminal trial, the defendants moved to dismiss the superseding indictment on double jeopardy grounds. The district court denied the motion and the Second Circuit affirmed the denial on appeal. In its decision, the Second Circuit stated that the motion was properly denied "because ... the government has employed a single proceeding to prosecute [the defendants], and, therefore, the proscription of the Double Jeopardy Clause does not apply." *Id.* at 19.

In reaching its conclusion, the *Millan* court addressed the Supreme Court's decision in *U.S. v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), a case upon which Ms. Griffin also relies. In *Halper,* the Supreme Court held that a civil action could be barred by the double jeopardy clause where the civil penalty was so "overwhelmingly disproportionate" to the criminal conduct that it acted as "punishment" within the meaning of the clause. *Id.* at 448–49, 109 S.Ct. at 1901–02.[6] While holding that there were situations where the double jeopardy clause could come into play, the Supreme Court was careful to note that its decision did not "prevent the Government from seeking and obtaining both the full civil penalty and the full range of statutorily authorized criminal penalties in the same proceeding." *Id.* at 451, 109 S.Ct. at 1903.

■ Clearly, the potential forfeiture of the $23,000 automobile that was the product of the currency structuring scheme at issue in this case is not so "overwhelmingly disproportionate" to the criminal conduct so as to

---

5. As in the case at bar, the indictment in *Millan* included a criminal forfeiture count for properties derived as proceeds from, or used to facilitate, drug violations. *Millan,* 2 F.3d at 18.

6. In *Halper,* the defendant had been convicted of Medicare fraud which resulted in $585 in actual damages to the government. Following conviction, the government was granted summary judgment on its claim under the civil False Claims Act, and awarded a recovery of $130,000.

constitute punishment. *See U.S. v. Currency in the Amount of $145,139,* 18 F.3d 73, 75 (2d Cir.1994) (no double jeopardy because currency was forfeitable because it was instrumentality of the crime); *U.S. v. Tilley,* 18 F.3d 295, 300 (5th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 573, 130 L.Ed.2d 490 (1994) (civil forfeiture of proceeds from illegal activity was not "punishment" and, thus, double jeopardy clause was not implicated). Therefore, the sole question before this Court is whether the currency structuring prosecution and the civil forfeiture action can be deemed "the same proceeding," so as to insulate them from double jeopardy challenges.

 As stated above, the Mercedes Benz was seized pursuant to a seizure warrant on September 18, 1992. On that same day, a warrant to search Mr. Rogers' home at 529 Garfield Avenue, Syracuse, was executed as part of the criminal investigation. Pursuant to the ongoing investigation, this civil action was filed by the government on February 2, 1993, while the first criminal indictment was filed against Mr. Rogers and Ms. Griffin on February 22, 1993. On May 13, 1993, Mr. Rogers and Ms. Griffin consented to a stay of this action pending the resolution of their criminal trial. Accordingly, in the case at bar, the facts make it clear to the Court "that the civil and criminal actions were but different prongs of a single prosecution of the [defendants] by the government." *Millan,* 2 F.3d at 20. As such, the Court finds that the Supreme Court's holding in *Halper* does not preclude the government from pursuing this action. *See U.S. v. Morgan,* 51 F.3d 1105, 1113 (2d Cir.1995) ("we have held that *Halper* does not apply to forfeiture claims").

Based upon the above analysis, Ms. Griffin's motion to dismiss this complaint on the grounds that it violates the double jeopardy clause of the United States Constitution is denied. The parties are instructed to prepare to go forward with the ancillary hearing, at which time Ms. Griffin will be given a full and fair opportunity to establish any legally cognizable and bona fide interest she may have in the Mercedes Benz.

Accordingly, it is hereby

ORDERED, that the motion to dismiss this complaint by Ms. Griffin, a claimant in this action, is DENIED; and it is further

ORDERED, that the parties contact this Court within 30 days of the date of this Order to schedule an ancillary hearing in this matter.

IT IS SO ORDERED.