85 F.3d 639
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Darryl Everett WARD, Defendant-Appellant.
 No. 95-30243.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 8, 1996.*
Decided May 15, 1996.
 
 Before: LAY,** CHOY and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Ward pleaded guilty to conspiracy charges involving the possession and distribution of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846. He subsequently moved to withdraw his plea, but the district court denied the motion and sentenced him to a 120 month term of imprisonment, to be followed by four years of supervised release.[1] The government then dismissed the remaining counts, including a criminal forfeiture count.
 
 
 3
 Ward appealed, and on May 5, 1995 this Court affirmed the denial of his motion to withdraw his guilty plea, but reversed and remanded for resentencing, reasoning that the lower court erred in finding that Ward was a "manager" or "organizer" for purposes of the offense.[2]
 
 
 4
 On remand, Ward filed a motion to vacate his conviction and seeking release from custody, pursuant to 28 U.S.C. § 2255, on the ground that a new sentence of imprisonment would violate the Double Jeopardy Clause. This motion was denied.
 
 
 5
 The Double Jeopardy Clause prevents, among other things, multiple punishments for the same offense. Citing United States v. $405,089.23 U.S. Currency, 33 F.3d 1210, 1222 (9th Cir.), amended and reh'g denied, 56 F.3d 41 (1995), cert. granted, 116 S.Ct. 762 (1996), Ward contends that forfeitures constitute punishment for double jeopardy purposes and bar subsequent proceedings unless brought in the same indictment and tried at the same time. Because the government dismissed his criminal forfeiture count but kept his money, he argues, his term of imprisonment constitutes a second punishment for a single offense. We disagree.
 
 
 6
 Although Ward asserts that his relatives and counsel have attempted to learn the whereabouts of various monies seized from him, he filed no claim to any allegedly seized cash and has never been a party to a forfeiture proceeding. Even if this Court credits his assertions that his money was taken, that at most suggests Ward's money was administratively forfeited without notice--which does not constitute punishment for double jeopardy purposes. See United States v. Cretacci, 62 F.3d 307, 310 (9th Cir.1995) (noting that "an administrative forfeiture of unclaimed property simply constitutes the taking of abandoned property" and "imposes no 'punishment' for purposes of the Double Jeopardy Clause"). Thus, jeopardy never previously attached. See also United States v. Torres, 28 F.3d 1463, 1465 (7th Cir.), cert. denied, 115 S.Ct. 669 (1994).[3]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Honorable Jack D. Shanstrom, J., presiding
 
 
 [2]
 The court also found that Ward had waived his right to challenge his base offense level on appeal, and that the district court properly included his misdemeanor theft conviction in his criminal history
 
 
 [3]
 The government informs this Court that the money has not been forfeited and will be returned to the defendant. Appellee's Br. at 11 n. 6. We assume the government is in good faith in such an assertion; if the money had been earlier returned, in all probability, this appeal could have been avoided and the Court's limited resources put to better use. Under the circumstances, we assume counsel for the defendant should simply request the money be returned