91 F.3d 147
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
$187,917.00, U.S. CURRENCY, Defendant.
Appeal of Alan J. MAHAFFEY, Claimant.
 No. 95-3171.
 United States Court of Appeals, Seventh Circuit.
 Argued Feb. 9, 1996.
Decided July 2, 1996.
 
 Before COFFEY, KANNE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Alan J. Mahaffey pled guilty to conspiring to possess in excess of 100 kilograms of marijuana with the intent to distribute, in violation of 21 U.S.C. § 846. On September 22, 1994, the district court sentenced him to a prison term of sixty months and ordered him to pay a fine of $4,000.
 
 
 2
 At the time of Mahaffey's arrest in March 1994, agents found $187,917.00 in Mahaffey's possession. On August 26, 1994 (shortly before Mahaffey was sentenced on the conspiracy charge), the government filed a complaint of forfeiture against this currency pursuant to 21 U.S.C. § 881(a)(6). That statute provides for the forfeiture to the United States of money "furnished or intended to be furnished by any person in exchange for a controlled substance in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter...." Although the indictment had identified Mahaffey's possession of this currency as one of the overt acts committed in furtherance of the conspiracy, it is undisputed that the money represented the proceeds of narcotics transactions pre-dating the offense alleged in the indictment.
 
 
 3
 Mahaffey filed a claim to the $187,917.00 and answered the government's complaint of forfeiture. The government moved for summary judgment, and on July 11, 1995, the district court granted that motion in an unpublished entry. The court found, in the first instance, that the money was forfeitable as drug proceeds. Entry at 2 p 7. It went on to reject, for two reasons, Mahaffey's contention that the Double Jeopardy Clause of the Fifth Amendment barred the forfeiture. First, the court reasoned that the civil forfeiture did not constitute "punishment" within the meaning of the Double Jeopardy Clause, following United States v. Tilley, 18 F.3d 295, 300 (5th Cir.), cert. denied, 115 S.Ct. 574, and cert. denied sub nom. Anderson v. United States, 115 S.Ct. 573 (1994). Entry at 2 p 8b. Second, even if the forfeiture could be construed as "punishment" for double jeopardy purposes, the court concluded that the forfeiture would not serve to punish Mahaffey a second time for the offense to which he had already been sentenced, as the forfeited cash derived from transactions preceding that offense. Id. p 8c.
 
 
 4
 On appeal, Mahaffey has renewed his argument that the forfeiture constitutes a second punishment that is barred by the Double Jeopardy Clause. Mahaffey relies on the Supreme Court's decisions in United States v. Halper, 490 U.S. 435, 109 S.Ct. 1892 (1989), and Austin v. United States, 509 U.S. 602, 113 S.Ct. 2801 (1993), as well as the Ninth Circuit's decision in United States v. $405,089.23 U.S. Currency, 33 F.3d 1210 (9th Cir.1994), amended on denial of reh'g, 56 F.3d 41 (1995), in which that court held that a civil forfeiture does amount to "punishment" for double jeopardy purposes. Several weeks in advance of argument, the Supreme Court granted certiorari to review the Ninth Circuit's decision in $405,089.23, as well as the Sixth Circuit's like-minded decision in United States v. Ursery, 59 F.3d 568 (1995). United States v. Ursery, 116 S.Ct. 762 (Jan. 12, 1996). After hearing argument in this case, we elected to stay resolution of the appeal pending the Supreme Court's decision in Ursery and issued an order to that effect.[1]
 
 
 5
 We now have the benefit of the Supreme Court's decision. The Court concluded in Ursery that in rem civil forfeitures under statutory provisions like and including section 881(a)(6) "are neither 'punishment' nor criminal for purposes of the Double Jeopardy Clause." United States v. Ursery, 1996 WL 340815, at * 16 (U.S. June 24, 1996). Reviewing its opinions in Halper, Austin, and Department of Revenue of Montana v. Kurth Ranch, 114 S.Ct. 1937 (1994), the Court found that the Sixth and the Ninth Circuits had misconstrued these precedents as support for their conclusion that the civil forfeitures at issue in those cases counted as punishment in the Double Jeopardy analysis. 1996 WL 340815, at * 10.
 
 
 6
 [N]othing in Halper, Kurth Ranch, or Austin, purported to replace our traditional understanding that civil forfeiture does not constitute punishment for the purpose of the Double Jeopardy Clause. Congress long has authorized the Government to bring parallel criminal proceedings and civil forfeiture proceedings, and this Court consistently has found civil forfeitures not to constitute punishment under the Double Jeopardy Clause. It would have been quite remarkable for this Court both to have held unconstitutional a well-established practice, and to have overruled a long line of precedent, without having even suggested that it was doing so. Halper dealt with in personam civil penalties under the Double Jeopardy Clause; Kurth Ranch with a tax proceeding under the Double Jeopardy Clause; and Austin with civil forfeitures under the Excessive Fines Clause. None of those cases dealt with the subject of this case: in rem civil forfeitures for purposes of the Double Jeopardy Clause.
 
 
 7
 Id., at * 13.
 
 
 8
 Invoking the analytical framework of its most recent decision examining civil forfeitures under the Double Jeopardy Clause, United States v. One Assortment of 89 Firearms, 465 U.S. 354, 104 S.Ct. 1099 (1984), the Court asked first whether Congress had intended proceedings under the two forfeiture statutes before it, 21 U.S.C. § 881 and 18 U.S.C. § 981, to be criminal or civil, and second whether the proceedings are so punitive in practice that they cannot be deemed civil notwithstanding Congressional intent. As to the first question, "[t]here is little doubt that Congress intended these forfeitures to be civil proceedings." 1996 WL 340815, at * 14. It was clear both from the fact that the proceedings were in rem (targeted at the property itself rather than the property owner) and from the procedural mechanisms that Congress had invoked that Congress meant for the forfeiture to serve as a civil rather than a criminal sanction. As to the second question, the Court found "little evidence" that forfeiture proceedings such as those conducted under 21 U.S.C. §§ 881(a)(6) "are so punitive in form and effect as to render them criminal despite Congress' intent to the contrary." Id., at * 15. Although the Court acknowledged that such forfeitures might have punitive aspects, it found them to serve significant nonpunitive interests as well: encouraging property owners to manage their property with care, preventing property from being used for illegal purposes, and, in the case of section 881(a)(6), "ensuring that persons do not profit from their illegal acts." Id.
 
 
 9
 Several other considerations also persuaded the Court that the forfeiture proceedings under review should be deemed civil rather than criminal in nature: (1) historically, in rem civil forfeiture had not been understood as punishment within the Double Jeopardy framework; (2) the forfeiture statutes in question did not require a showing of scienter; (3) although the statutes could be said to serve a deterrent purpose, deterrence may be regarded as furthering both civil and criminal ends; and (4) although the statutes were tied to criminal activity, that in and of itself did not prove the forfeiture to be criminal. Id., at * 16.[2]
 
 
 10
 Ursery eliminates any question as to the propriety, under the Double Jeopardy Clause, of the forfeiture before us. As the district court pointed out, it is not clear that double jeopardy principles are even implicated by the forfeiture of the cash found in Mahaffey's possession, as this appears to have been the proceeds of transactions beyond the scope of the indictment. Mahaffey's possession of the cash was, as we have noted, cited in the indictment as an overt act in furtherance of the charged conspiracy, but that limited allegation does not by itself establish that Mahaffey was in any way convicted and sentenced for the possession per se. See United States v. Shabani, 115 S.Ct. 382, 385 (1994) (proof of overt act is unnecessary to establish a violation of 21 U.S.C. § 846); United States v. Felix, 503 U.S. 378, 391-92, 112 S.Ct. 1377, 1385 (1992) (Double Jeopardy Clause did not bar drug conspiracy charge alleging two overt acts that formed basis for defendant's prior conviction for attempting to manufacture drugs). In any case, even if we assume for the sake of argument that Mahaffey's conviction and sentence rested in some part on his possession of that money, Ursery makes clear that the subsequent forfeiture of the money did not constitute a second punishment barred by the Double Jeopardy Clause. The forfeiture was an in rem, civil proceeding against the money itself, serving the highly important remedial goal of disgorgement. There is no dispute at this point that Mahaffey acquired the more than $187,000 in cash from illegal narcotics sales. He had no more right to retain that money than he would have had he robbed a bank. Ursery, 1996 WL 340815, at * 20 (Stevens, J., concurring in the judgment in part and dissenting in part). The forfeiture of those illicit proceeds thus cannot be considered to be punitive in nature.
 
 
 11
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 Meanwhile, in Smith v. United States, 76 F.3d 879, 882-83 (7th Cir.1996), two members of a different panel of this court concluded that forfeitures of narcotics proceeds under section 881(a)(6) are not punitive, so as to implicate the Double Jeopardy Clause, but remedial. "Conceptually, they can be nothing else." Id. at 883. (Judge Diane P. Wood found it unnecessary to reach the question, see id. at 883-84.) The panel therefore aligned this court with the Fifth Circuit, among others, citing with approval that court's opinion in Tilley, upon which the district court had relied. See id. at 882
 
 
 [2]
 Justice Kennedy joined the Court's opinion but concurred separately, emphasizing that a civil in rem forfeiture "is not a second in personam punishment for the offense, which is all the Double Jeopardy Clause prohibits." 1996 WL 340815, at * 18. Justice Scalia, joined by Justice Thomas, concurred in the judgment, asserting that "the Double Jeopardy Clause prohibits successive prosecution, not successive punishment." Id., at * 20. Justice Stevens concurred in the judgment in part and dissented in part. As to the forfeited currency at issue in the Ninth Circuit's decision in $405,089.23, Justice Stevens agreed that because it derived from illegal activity, the claimants were not entitled to the money and the forfeiture thus was not punitive. "The forfeiture of such proceeds, like the confiscation of money stolen from a bank, does not punish respondents because it exacts no price in liberty or lawfully derived property from them." Id. He parted ways with the Court as to the forfeiture of the defendant's home at issue in the Sixth Circuit's decision in Ursery, concluding that this forfeiture must be deemed punitive for Double Jeopardy purposes. Id