92 F.3d 1195
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Henry E. SINGLETON, Defendant-Appellant.
 No. 95-16394.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 12, 1996.*
Decided July 26, 1996.
 
 Before: WOOD, JR.,** CANBY, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Henry E. Singleton appeals the district court's denial of his motion, filed pursuant to 28 U.S.C. § 2255, to vacate his conviction and sentence. Singleton argues that his conviction and resulting 181 month prison sentence were imposed in violation of the Double Jeopardy Clause of the Constitution since he also suffered the civil forfeiture of his property pursuant to 18 U.S.C. § 981 and 21 U.S.C. § 881. We affirm.
 
 I.
 
 3
 It is well-established that the Double Jeopardy Clause prohibits the imposition of multiple punishments for the same offense. United States v. Halper, 490 U.S. 435, 440 (1989) (" 'If there is anything settled in the jurisprudence of England and America, it is that no man can be twice lawfully punished for the same offence.' ") (quoting Ex parte Lange, 85 U.S. (18 Wall.) 163, 168 (1874)). Singleton argues here that his conviction and sentence unconstitutionally duplicated his punishment in light of the, allegedly prior, forfeiture of his property. Singleton's argument is hinged upon our recent decision in United States v. $405,089.23 U.S. Currency, 33 F.3d 1210 (9th Cir.1994), as amended on denial of reh'g, 56 F.3d 41 (1995), where we held that a civil forfeiture action based upon the same offense as an earlier criminal proceeding could violate the Double Jeopardy Clause.
 
 
 4
 On June 24, 1996, the Supreme Court reversed our decision in this matter, holding that the civil forfeitures at issue were neither "punishment" nor criminal for purposes of the Double Jeopardy Clause. United States v. Ursery, Nos. 95-345 & 95-346, 1996 WL 340815 (U.S. June 24, 1996). It is true that Ursery did not per se exempt civil forfeiture proceedings from the scope of the Double Jeopardy Clause. Id. at * 11 n. 3. However, the Supreme Court did expressly hold (1) that Congress intended proceedings under 18 U.S.C. § 981 and 21 U.S.C. § 881 to be civil; and (2) that the requisite "clearest proof" is lacking that forfeiture proceedings under these provisions "are so punitive in form and effect as to render them criminal despite Congress' intent to the contrary."[1] Id. at * 11. Accordingly, the civil forfeiture of Singleton's property did not constitute punishment and Singleton's Double Jeopardy argument must fail.
 
 II.
 
 5
 For the reasons given above, the decision of the district court to dismiss Singleton's § 2255 motion is affirmed.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Harlington Wood, Jr., United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Relevant to Singleton's case, Ursery explicitly addressed civil forfeitures under 18 U.S.C. § 981(a)(1)(A) and 21 U.S.C. § 881(a)(6). Singleton's case, however, also involved forfeiture pursuant to 21 U.S.C. § 881(a)(4). Our review of this provision, in light of the guidance provided by Ursery, leads us to conclude that forfeitures under this section also fall within the holding of Ursery