97 F.3d 1462
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Alexander GRIFFIS, Defendant-Appellant.
 No. 95-10292.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 14, 1996.*
Decided Sept. 5, 1996.
 
 1
 Before: T.G. NELSON and TASHIMA, Circuit Judges, and BURNS**, District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Defendant appeals an order of the district court denying his motion to dismiss the criminal indictment on double jeopardy grounds. We have jurisdiction of this interlocutory appeal under 28 U.S.C. § 1291. U.S. v. Chick, 61 F.3d 682, 684-84 (9th Cir.1995), cert. denied, --- U.S. ----, 116 S.Ct. 1416 (1996); U.S. v. Bates, 917 F.2d 388, 392 (9th Cir.1990); Abney v. United States, 431 U.S. 651 (1977). We affirm.
 
 I. BACKGROUND
 
 4
 On August 4, 1989, defendant was charged in a three count indictment with money laundering, international transportation of the profits of drug trafficking, and operating a continuing criminal enterprise. On September 1, 1989, he pled guilty to the money laundering and engaging in a continuing criminal enterprise counts, pursuant to a negotiated plea agreement.
 
 
 5
 On January 30, 1990, the government filed a civil complaint for forfeiture under 21 U.S.C. § 881(a)(6) against approximately $757,000 in currency seized from money couriers working for defendant. The complaint also sought forfeiture of $155,050 in currency and gold coins surrendered by defendant as part of the plea agreement. Defendant submitted a notice of abandonment of seized currency and gold coins on March 13, 1990. The judgment of forfeiture was entered on May 2, 1990.
 
 
 6
 On February 21, 1995, defendant filed a motion to dismiss the indictment on double jeopardy grounds. Relying on this Court's decision in United States v. $405,089.23 U.S. Currency, 33 F.3d 1210 (9th Cir.1994), amended on denial of reh'g, 56 F.3d 41 (1995), reversed, United States v. Ursery, --- U.S. ----, 116 S.Ct. 2135 (1996), he contended that jeopardy attached in the forfeiture matter and that the criminal case was barred by the Double Jeopardy clause.
 
 
 7
 The district court heard argument on May 24, 1995 and denied defendant's motion on June 30, 1995.
 
 II. STANDARD OF REVIEW
 
 8
 A district court's denial of a motion to dismiss an indictment on double jeopardy grounds is reviewed de novo. U.S. v. Chick, 682 F.3d at 686; United States v. Goland, 897 F.2d 405, 408 (9th Cir.1990).
 
 III. DISCUSSION
 
 9
 The Double Jeopardy Clause prohibits the government from punishing or seeking to punish more than once for the same offense. United States v. Ursery, --- U.S. ----, 116 S.Ct. 2135, 2139-2140 (1996); Witte v. United States, 515 U.S. ----, ----, 115 S.Ct. 2199, 2204 (1995).
 
 
 10
 In his motion to dismiss, defendant contends the forfeiture proceedings and the criminal prosecution amount to double jeopardy under United States v. $405,089.23 U.S. Currency, 33 F.3d 1210 (9th Cir.1994), amended on denial of reh'g, 56 F.3d 41 (1995), reversed, United States v. Ursery, --- U.S. ----, 116 S.Ct. 2135 (1996).
 
 
 11
 The district court denied the motion to dismiss on several grounds including that defendant waived his rights under the Double Jeopardy clause, that jeopardy attached in the criminal case first, and that the forfeiture and criminal proceedings were not "separate" proceedings.
 
 
 12
 On June 24, 1996, the United States Supreme Court handed down its decision in United States v. Ursery holding that in rem civil forfeiture proceedings under 21 U.S.C. §§ 881 are neither "punishment" nor "criminal" for purposes of the Double Jeopardy Clause. 116 S.Ct. at 2149.
 
 
 13
 Ursery is dispositive of the issues in this case. The civil forfeiture proceedings did not impair defendant's rights under the Double Jeopardy clause. Accordingly, for the purposes of this appeal, we need not address the grounds for dismissal put forth by the district court.
 
 IV. CONCLUSION
 
 14
 The district court's order denying defendant's motion to dismiss is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable James M. Burns, Senior District Judge for the District of Oregon, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3