96 F.3d 1452
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mohammed ROUSAN and Lorraine Rousan, Defendants-Appellants.
 No. 95-17186.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submission Deferred May 14, 1996.
Resubmitted July 1, 1996.
Decided Sep. 06, 1996.
 
 1
 Before: T.G. NELSON and TASHIMA, Circuit Judges, and BURNS*, District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Defendants appeal the district court's order denying a petition to vacate their convictions under 28 U.S.C. § 2255. We have jurisdiction under 28 U.S.C. § 1291. We affirm.
 
 I. BACKGROUND
 
 4
 On August 28, 1992, government agents served search warrants as part of an investigation that lead to the arrest of Mohammed Rousan and Lorraine Rousan ("defendants"). They were charged with several offenses related to the manufacture and distribution of counterfeit audio cassette tapes. On January 19, 1994, pursuant to plea agreements, both defendants pled guilty to a single count of criminal copyright infringement. They waived their right to appeal as a condition of the plea agreements.
 
 
 5
 In the course of the same investigation, on September 8, 1992, agents seized two automobiles belonging to defendants. The government sent defendants notice of forfeiture proceedings against the cars including instructions for contesting the seizure and proposed forfeiture. The defendants did not properly file a claim as required to contest the forfeiture proceedings. Accordingly, on February 23, 1993, the government administratively forfeited the cars pursuant to 18 U.S.C. § 981, the Money Laundering Control Act of 1986.[1]
 
 
 6
 On June 26, 1995, Mohammed Rousan filed the present petition under 28 U.S.C. § 2255 seeking to vacate his conviction on the ground that it violated the Double Jeopardy Clause. Lorraine Mohammed joined the petition on June 30, 1995.
 
 II. STANDARD OF REVIEW
 
 7
 Whether the Double Jeopardy Clause bars a criminal prosecution is a question of law subject to de novo review. United States v. Goland, 897 F.2d 405, 408 (9th Cir.1990). This court also reviews de novo a district court's denial of a petition under 28 U.S.C. § 2255. Doganiere v. United States, 914 F.2d 165, 167 (9th Cir.1990), cert. denied, 499 U.S. 940 (1991).
 
 III. DISCUSSION
 
 8
 The Double Jeopardy Clause prohibits the government from punishing or seeking to punish more than once for the same offense. United States v. Ursery, --- U.S. ----, 116 S.Ct. 2135, 2139-2140 (1996); Witte v. United States, 515 U.S. ----, ----, 115 S.Ct. 2199, 2204 (1995).
 
 
 9
 In their petition to vacate convictions, defendants contended that the forfeiture proceedings against their automobile and their criminal prosecutions constituted double jeopardy under United States v. $405,089.23 U.S. Currency, 33 F.3d 1210 (9th Cir.1994), amended on denial of reh'g, 56 F.3d 41 (1995), reversed, United States v. Ursery, --- U.S. ----, 116 S.Ct. 2135 (1996).
 
 
 10
 The district court ruled that defendants' failure to comply with the procedure for contesting forfeiture proceedings amounted to "abandonment" of the automobile. The court denied defendants' petition based on United States v. Cretacci, 62 F.3d 307 (9th Cir.1995), cert. denied, --- U.S. ----, 116 S.Ct. 2528. In Cretacci, this Court held that the administrative forfeiture of abandoned property does not implicate the double jeopardy rights of the former owner. 62 F.3d at 310-311.
 
 
 11
 On June 24, 1996, the United States Supreme Court handed down its decision in United States v. Ursery holding that in rem civil forfeiture proceedings under 21 U.S.C. §§ 881 and 981 are neither "punishment" nor "criminal" for purposes of the Double Jeopardy Clause. 116 S.Ct. at 2149.
 
 
 12
 Ursery is dispositive of the issues in this case. The civil forfeiture proceedings did not impair defendants' rights under the Double Jeopardy Clause. Accordingly, for the purposes of this appeal, we need not resolve whether defendants abandoned their automobile by filing a petition for remission instead of a claim of ownership in the forfeiture proceedings.
 
 IV. CONCLUSION
 
 13
 The district court's order denying defendants' petition under 28 U.S.C. § 2255 is AFFIRMED.
 
 
 
 *
 Honorable James M. Burns, Senior Judge District Judge for the District of Oregon sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 One of the automobiles was later returned to defendants after the government first denied and then granted upon reconsideration their motion for remission