**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Silvano SALINAS, Defendant–Appellant.**

**No. 95–1450.**

United States Court of Appeals,
Sixth Circuit.

Argued Aug. 8, 1995.

Decided Sept. 27, 1995.

**552**

John O. Hieronymus (argued and briefed), James R. Redford, Michael H. Dettmer, U.S. Attorney, Office of the U.S. Attorney for the Western District of Michigan, Grand Rapids, MI, for plaintiff-appellee.

Craig A. Frederick (argued and briefed), Grand Rapids, MI, for defendant-appellant.

Before: KENNEDY, WELLFORD, and SILER, Circuit Judges.

SILER, J., delivered the opinion of the court, in which KENNEDY, J., joined. WELLFORD, J. (p. 554), delivered a separate concurring opinion.

SILER, Circuit Judge.

Defendant, Silvano Salinas, appeals the district court's denial of his motion to quash the indictment against him on double jeopardy grounds. He asserts that the indictment against him for conspiracy to possess with intent to distribute marijuana should have been dismissed because of an earlier administrative forfeiture of a vehicle registered to him. Because the earlier forfeiture did not constitute "punishment," we affirm.

## I.

On November 10, 1994, Salinas was indicted on charges of conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. §§ 841 and 846. He filed a motion to quash the indictment, claiming that because a 1971 Pontiac GTO registered and titled to him previously had been forfeited to the government, the indictment violated his constitutional protection against double jeopardy. The vehicle was forfeited as drug proceeds pursuant to 21 U.S.C. § 881(a)(6). It was seized in September 1992, pursuant to a warrant. The forfeiture action was initiated in January 1993, and a declaration of forfeiture was entered in April 1993. Although notices of seizure were published and mailed to Salinas and his attorney, no one appeared to contest the forfeiture.

The district court denied the motion to quash, holding that forfeiture of drug proceeds is not punishment. Salinas appeals, arguing that the protection against multiple punishments set forth in *United States v. Halper*, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), prohibits his prosecution on the drug charge.

## II.

■ The Double Jeopardy Clause prohibits more than one "punishment" for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969), *overruled on other grounds, Alabama v. Smith*, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989). The criminal prosecution facing Salinas clearly subjects him to punishment. Therefore, if the prior civil forfeiture proceeding, which was predicated on the same drug offense as charged in the indictment, constituted a punishment, the Double Jeopardy Clause will bar the pending prosecution. *See United States v. Tilley*, 18 F.3d 295, 297 (5th Cir.), *cert. denied,* — U.S. —, 115 S.Ct. 573, 130 L.Ed.2d 490 (1994).

Because Salinas did not contest the forfeiture, however, the government argues that he was never a party to the proceeding and, therefore, jeopardy did not attach. *See United States v. Torres*, 28 F.3d 1463 (7th Cir.), *cert. denied,* — U.S. —, 115 S.Ct. 669, 130 L.Ed.2d 603 (1994). Although the *Torres* court clearly held that a defendant

who did not make a claim to money subject to civil forfeiture never became a party to the forfeiture, the court also noted that it was never clear that Torres had an interest in the cash. *Id.* at 1466. Unlike Torres, Salinas informed the government that he owned the car in question, and the car was registered and titled in his name. Salinas argues that because notice of the forfeiture was sent directly to him, it indicates the government knew that the vehicle probably belonged to him. We acknowledge that other circuits have applied the *Torres* rationale to uncontested forfeitures involving titled property such as buildings or automobiles. *See, e.g., United States v. Cretacci,* 62 F.3d 307, 309–11 (9th Cir.1995); *United States v. Penny,* 60 F.3d 1257, 1261–62 (7th Cir.1995). *See also United States v. Ursery,* 59 F.3d 568, 572 (6th Cir.1995) (holding that *Torres* "stands for the proposition that jeopardy does not attach to a civil forfeiture when the party claiming double jeopardy was not a party to the forfeiture proceeding"). We need not address this argument, however, as our holding today that forfeiture of Salinas' car as drug proceeds under 21 U.S.C. § 881(a)(6) did not constitute punishment precludes a finding of jeopardy in the forfeiture proceedings.

In *Austin v. United States,* —— U.S. ——, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993), the Court addressed whether forfeitures under §§ 881(a)(4)—conveyances, or means of transporting drugs such as automobiles—and (a)(7)—real estate used in drug transactions—constituted punishment under the Excessive Fines Clause. The Court held that, although "forfeiture of contraband itself may be characterized as remedial[,]" *id.* at ——, 113 S.Ct. at 2811, forfeiture under subsections (a)(4) and (a)(7) "constitutes 'payment to a sovereign as punishment for some offense,' ... and, as such, is subject to the limitations of the Eighth Amendment's Excessive Fines Clause." *Id.* at ——, 113 S.Ct. at 2812 (citation omitted).

Relying on the "punishment" language of *Austin,* Salinas argues that forfeiture of his automobile constitutes punishment. We disagree. The vehicle was properly characterized as drug proceeds,[1] and its forfeiture was not "punishment." The Fifth Circuit, interpreting *Austin,* distinguished between the forfeiture of conveyances and real estate, which have no correlation to, or proportionality with, the harm inflicted upon the government and society by the underlying criminal act, and forfeiture of drug proceeds, which, by their very nature, "will always be directly proportional to the amount of drugs sold." *Tilley,* 18 F.3d at 300. *Tilley* also points out that, in *Austin,* the Supreme Court distinguished civil forfeitures of property proportionately related to the offense from forfeitures of conveyances and real property, which, because of the dramatic variations in their value, bear no relation to the underlying offense. *Id.* (citing *Austin,* —— U.S. at —— – ——, 113 S.Ct. at 2811–12). *See also One Lot Emerald Cut Stones & One Ring v. United States,* 409 U.S. 232, 237, 93 S.Ct. 489, 493, 34 L.Ed.2d 438 (1972) (upholding forfeiture of goods involved in customs violations as "a reasonable form of liquidated damages[,]" rather than punishment).

The Ninth Circuit has failed to make this distinction, holding instead that the Supreme Court in *Austin* abandoned the *Halper* rational relationship test in favor of a categorical rule that all civil forfeitures constitute punishment for double jeopardy purposes. *See United States v. $405,089.23 in United States Currency,* 33 F.3d 1210, 1220 (9th Cir.1994), *reh'g granted, modified on other grounds,* 56 F.3d 41 (1995).[2]

---

1. The forfeiture proceeding was based on the theory that the car was proceeds because it was purchased with drug money, Salinas' only source of income. Since Salinas failed to contest the proceeding in any way, he is estopped from now challenging the theory under which the vehicle was forfeited.

2. The panel amended its opinion in May 1995 to add that its "adoption of this categorical approach is also compelled by the Supreme Court's recent decision in *Department of Revenue of Montana v. Kurth Ranch,* [—— U.S. ——] 114 S.Ct. 137 [sic, should be 1937] [128 L.Ed.2d 767] (1994)." The Court's holding in *Kurth Ranch,* however, was not an application of a categorical approach to forfeitures, but, rather, was an adherence to the long-standing recognition of the punishing and deterrent nature of drug taxes, and the lack of proportionality of the tax to the

We have followed the Ninth Circuit's approach with respect to forfeitures, only under 21 U.S.C. § 881(a)(7), of real property used or intended to be used to facilitate a violation of 21 U.S.C. § 881 that is punishable by more than one year in prison. *See Ursery,* 59 F.3d 568, 572–73. The forfeiture of drug proceeds, however, is different. Not only are drug proceeds inherently proportional to the damages caused by the illegal activity, as stated above, but also one never acquires a property right to proceeds, which include not only cash but also property secured with the proceeds of illegal activity. We therefore adopt the view in *Tilley* that forfeiture of drug proceeds is not punishment, but is remedial in nature.

**AFFIRMED.**

WELLFORD, Circuit Judge, concurring.

I agree with the majority that defendant was not punished when his vehicle was forfeited to the government as drug proceeds. Therefore, I also agree that defendant was not placed in jeopardy twice for the same offense. I write separately, however, to make clear the practical implications of our decision.

I agree that we should follow *United States v. Tilley,* 18 F.3d 295 (5th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 574, 130 L.Ed.2d 490 (1994), but *Tilley* presents several problems in application. Since the government based the forfeiture in this case on a theory that Salinas purchased the vehicle with drug money, *Tilley* indicates that defendant is not protected by the Double Jeopardy Clause. In *United States v. Ursery,* 59 F.3d 568, 573 (6th Cir.1995), however, we held that the forfeiture of property used to facilitate the drug trade under 21 U.S.C. § 881(a)(7) was punishment within the meaning of the Double Jeopardy Clause. Therefore, if the government had sought forfeiture of Salinas' automobile on the grounds that he used the car to carry narcotics from Texas to Michigan, *Ursery* might have barred this criminal prosecution. Thus, after *Ursery* and our decision today, double jeopardy protection will often depend on which theory the government utilizes to justify the civil forfeiture.

When the prosecutor seeks a forfeiture under § 881(a)(6), this may avoid possible double jeopardy problems under §§ 881(a)(4) and (a)(7). Therefore, when the government seeks forfeiture of drug proceeds under § 881(a)(6), we must take care that it offers evidence to support a proceeds theory. Because § 881(a)(6) limits forfeiture to "all proceeds *traceable* to" a drug exchange, the government must come forward with some evidence that can directly link the purchase of the *res* with prior drug transactions. *United States v. $67,220.00 in United States Currency,* 957 F.2d 280, 284 (6th Cir.1992) (holding that government must show "a reasonable ground for belief, supported by more than mere suspicion, that there is a substantial connection between the seized [property] and an illegal drug transaction"). In my view, merely proving that the *res* is owned by a drug dealer is not sufficient. *United States v. $405,089.23 in United States Currency,* 33 F.3d 1210, 1221 n. 11 (9th Cir.1994), *reh'g granted, modified on other grounds,* 56 F.3d 41 (1995). By distinguishing between drug proceeds and property used to facilitate drug trafficking, we may render the protection of the Double Jeopardy Clause contingent on artful pleading. Nevertheless, I find *Tilley* persuasive authority in the instant case.

Because the government sought forfeiture on a proceeds theory and Salinas did not contest whether the government could trace the car to a drug transaction, I agree that he was not punished twice for the same offense. I, therefore, **CONCUR.**

harm to the government or the public. —— U.S. at ——, 114 S.Ct. at 1948.