KING, Circuit Judge,
specially concurring:
I concur in the panel’s opinion and judgment because I think both are logical extensions of the court’s opinion in United States v. Tilley, 18 F.3d 295 (5th Cir.), cert. denied, - U.S. -, 115 S.Ct. 574, 130 L.Ed.2d 490 (1994). I write separately to note the confusion that has been generated by the Court’s decisions in United States v. Halper, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), and Austin v. United States, — U.S. -, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993). Perez is a good example of that confusion; it stands Halper on its head, but not without support from Austin, or at least from Austin as construed (not unreasonably) by Tilley.
Traditionally, the civil forfeiture of property involved in criminal activity and the criminal prosecution of the property’s owner for the same underlying conduct did not raise *350 issues under the Double Jeopardy Clause. See, e.g., United States v. One Assortment of 89 Firearms, 465 U.S. 354, 362-66, 104 S.Ct. 1099, 1105-07, 79 L.Ed.2d 361 (1984). The question, which cries out for resolution by the Supreme Court, is whether, or to what extent, Halper and Austin have changed that rule.
The Court recognized in Halper that the government may exact civil sanctions that achieve “rough remedial justice” without raising double jeopardy concerns. Accordingly, under Halper it is ordinarily necessary to examine the particular civil sanction imposed on a case-by-case basis to determine whether it constitutes “punishment” for double jeopardy purposes. Halper, 490 U.S. at 448, 109 S.Ct. at 1901-02; see also id. at 452-53, 109 S.Ct. at 1904 (Kennedy, J., concurring). Then along came Austin, which held that the forfeiture provisions of 21 U.S.C. §§ 881(a)(4) (dealing with conveyances, or means of transporting drugs such as automobiles) and 881(a)(7) (dealing with real estate used in drug transactions) impose “punishment” for purposes of the threshold applicability of the Eighth Amendment’s Excessive Fines Clause. Although it might have been possible to read Austin more narrowly in a case arising under the Double Jeopardy Clause [1] this court, in dicta in Tilley, read it to call for the categorical conclusion that all civil “forfeitures of conveyances and real estate have no correlation to, or proportionality with, the costs incurred by the government and society because of the large and unpredictable variances in the values of real estate and conveyances in comparison to the harm inflicted upon government and society by the criminal act.” Tilley, 18 F.3d at 300. That conclusion certainly has some support in Austin. See Austin, — U.S. at - n. 14, 113 S.Ct. at 2812 n. 14. Predictably, Perez now holds that even where the district court has made careful findings supporting the conclusion that the amount forfeited bore a rational relationship to the government’s costs, the forfeiture of a conveyance under § 881(a)(4) is always punitive. Where the forfeiture is completed before the criminal prosecution, the criminal prosecution violates the Double Jeopardy Clause and may not proceed. So Halper*s case-by-ease approach, scrupulously followed by the district court here, has given way to a categorical approach in which the district court’s conclusion that the forfeiture at issue is wholly remedial is irrelevant.
The practical consequences to the administration of justice in this circuit are enormous. The sequence of the proceedings in Perez is common. Many ongoing cases will be, and many completed cases may be, affected by this decision. And the problem is not unique to this court. Several circuits have been struggling with variants of it. See, e.g., United States v. All Assets of G.P.S. Automotive Corp., 66 F.3d 483 (2nd Cir.1995); United States v. Morgan, 51 F.3d 1105 (2nd Cir.), cert. denied, — U.S. -, 116 S.Ct. 171, 133 L.Ed.2d 112 (1995); United States v. Baird, 63 F.3d 1213 (3rd Cir.1995), petition for cert. filed, 64 U.S.L.W. 3318 (U.S. Oct. 17, 1995) (No. 95-630); United States v. Borromeo, 995 F.2d 23 (4th Cir.), opinion adhered to in part and vacated in part on reh’g, 1 F.3d 219 (4th Cir.1993); United States v. Salinas, 65 F.3d 551 (6th Cir.1995); United States v. Ursery, 59 F.3d 568 (6th Cir.1995), petition for cert. filed, 64 U.S.L.W. 3161 (U.S. Aug. 28, 1995) (No. 95-345); United States v. $405,089.23 U.S. Currency, 33 F.3d 1210 (9th Cir.1994), opinion amended on denial of reh’g, 56 F.3d 41 (9th Cir.1995), and petition for cert. filed, 64 U.S.L.W. 3161 (U.S. Aug. 28, 1995) (No. 95-346); SEC v. Bilzerian, 29 F.3d 689 (D.C.Cir.1994). It is an area that the Supreme Court should revisit.

. The Court in Austin stated that "it appears to make little practical difference whether the Excessive Fines Clause applies to all forfeitures under §§ 881(a)(4) and (a)(7) or only to those that cannot be characterized as purely remedial.” Austin, — U.S. at----n. 14, 113 S.Ct. at 2812 n. 14. That was true because the Eighth Amendment prohibits only excessive fines and "a fine that serve[d] purely remedial purposes [could not] be considered ‘excessive’ in any event." Id. This suggests that perhaps a distinction should be drawn between the Double Jeopardy Clause and the Excessive Fines Clause when it comes to forfeitures under §§ 881(a)(4) and (a)(7), at least where those forfeitures may be found to be purely remedial in nature.