70 F.3d 1273
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
FOUR TRACTS OF PROPERTY On the WATERS OF LEIPERS CREEK,
Defendant-Appellant.
James Norwood Hutching, Claimant-Appellant.
 Nos. 94-5775, 94-5876.
 United States Court of Appeals, Sixth Circuit.
 Nov. 28, 1995.
 
 Before: KENNEDY and MOORE, Circuit Judges; JOHNSTONE, District Judge.*
 PER CURIAM.
 
 
 1
 Claimant James Norwood Hutching appeals a grant of summary judgment for the United States on its civil forfeiture complaint brought pursuant to 21 U.S.C. Sec. 881(a)(6). He argues that forfeiture under Sec. 881(a)(6) is a punitive sanction that is criminal for the purpose of constitutional analysis. We reject this contention. However, because genuine issues of material fact exist as to whether the government initiated forfeiture proceedings within the relevant limitations period, we REVERSE the judgment of the District Court and REMAND for further proceedings.
 
 I.
 
 2
 Claimant has a long history of trafficking in illegal narcotics. Twice in 1974, he was convicted in federal court of conspiracy to distribute and possess marijuana. In mid-1991 federal authorities again began investigating the drug trafficking activities of claimant. During the execution of a search warrant in July 1992, federal agents found documents indicating that claimant owned the defendant property, located in Santa Fe, Tennessee. Indeed, an investigation into claimant's property holdings revealed ownership of several pieces of real estate, accumulated with no apparent legitimate source of income.
 
 
 3
 Claimant purchased the defendant property on October 4, 1989 for $75,000. The property was paid for in full and no liens or encumbrances were recorded against the property.
 
 
 4
 On August 27, 1992, the United States initiated forfeiture proceedings pursuant to 21 U.S.C. Sec. 881(a)(6), alleging that the property was purchased with proceeds traceable to the exchange of controlled substances. Claimant's claim, filed from prison, asserts that he purchased the defendant property with money saved and earned prior to 1978. He admits that some of the purchase money was proceeds from narcotics trafficking in 1973 and 1974, but argues that these proceeds are not now forfeitable under Sec. 881(a)(6).
 
 
 5
 Both claimant and the government filed motions for summary judgment. The District Court referred the motions to a magistrate judge for determination. The magistrate judge recommended that claimant's motion be denied and that the government's motion be granted. The District Court accepted this recommendation and ordered the property forfeited to the United States. Claimant now appeals this order.
 
 II.
 
 6
 Many of claimant's arguments on appeal would require this court to hold that forfeiture pursuant to Sec. 881(a)(6) is punishment. For example, claimant argues that the forfeiture proceedings violate the Double Jeopardy, Excessive Fines, and Ex Post Facto Clauses of the Constitution, and entitle him to appointed counsel.[1] For the reasons recently stated in United States v. Salinas, 65 F.3d 551 (6th Cir.1995), this circuit has rejected the characterization of Sec. 881(a)(6) as punishment. Since the forfeiture is not punishment, the proceedings are not criminal in nature and the defendant was not entitled to counsel under the Criminal Justice Act. Accordingly, the District Court did not err in rejecting the constitutional issues raised by claimant.
 
 III.
 
 7
 Claimant next argues that there are material facts in dispute and therefore the District Court erred in granting summary judgment to the United States. Summary judgment is appropriate only if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c). In responding to a summary judgment motion, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial." Id. We review a grant of summary judgment de novo, making all reasonable inferences in favor of the non-moving party. United States v. Certain Real Property 566 Hendrickson Blvd., 986 F.2d 990 (6th Cir.1993).
 
 A.
 
 8
 Claimant asserts that since he claims he purchased the property with funds obtained through both lawful and unlawful means, a genuine issue of material fact exists as to whether the property could be forfeited. Under Sec. 881(a)(6) the government must initially show probable cause to believe that the property was purchased with illicit proceeds. See 21 U.S.C. Sec. 881(d); 19 U.S.C. Sec. 1615. Once probable cause is established, claimant bears the burden of proving by a preponderance of the evidence that the proceeds were not derived from illegal drug transactions. United States v. $250,000 in U.S. Currency, 808 F.2d 895, 900 (1st Cir.1987). Claimant has failed to proffer sufficient evidence on this point to survive summary judgment.
 
 
 9
 The government clearly had probable cause to believe that the defendant property was purchased with illicit proceeds. In fact, claimant admitted this to be partially true. Thus, in order for claimant to create a genuine issue of material fact, he must bring forth evidence as to the legitimacy of the funds used to purchase the defendant property. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). He has not done so. The mere assertion that the property was acquired with some legitimate funds, without any other evidence, is insufficient to raise a genuine issue of material fact sufficient to preclude summary judgment. See Cloverdale Equip. Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir.1989). While there may be an issue of fact as to whether the property was purchased with 1989 drug money or 1973-74 drug money, claimant's admission and the lack of evidence of any other source of the 1973-74 funds, justified granting the government's motion to the extent of establishing that the property was purchased with drug money acquired through claimant's drug trafficking in 1973-74.
 
 B.
 
 10
 Finally, claimant argues that the government failed to initiate this forfeiture proceeding within the applicable five year limitations period. The government responds that this action is timely because claimant concealed the illicit proceeds used to purchase the defendant property, tolling the limitations period. We agree with the government that concealment of proceeds may toll the applicable limitations period. However, since the government submitted no evidence to indicate that the proceeds were in fact concealed, summary judgment was inappropriate.
 
 
 11
 Civil forfeitures brought pursuant to Sec. 881(a)(6) are subject to the statute of limitations included in 19 U.S.C. Sec. 1621. See 21 U.S.C. Sec. 881(d). That statute provides, in relevant part:
 
 
 12
 No suit or action to recover any pecuniary penalty or forfeiture of property ... be instituted unless such suit or action is commenced within five years after the time when the alleged offense was discovered: ... Provided further, That the time ... of any concealment ... of the property, shall not be reckoned within this period of limitations.
 
 
 13
 Under Sec. 1621, "the alleged offense" at issue is claimant's marijuana trafficking in 1973 and 1974, which the District Court held generated the money used to purchase the defendant property. The District Court accepted the magistrate judge's finding that these proceeds were concealed from the time of their acquisition to the time claimant purchased the defendant property.
 
 
 14
 The findings and conclusions reviewed and adopted by the District Court are as follows:
 
 
 15
 Usually drug dealers conceal the money taken in exchange for illegal drugs right away. And, this is what occurred here. The plaintiff's assertion that it had no information concerning the whereabouts of the money from the older drug deals is valid.
 
 
 16
 [Concealment] is ordinarily a fact question to be determined after a hearing. However, the claimant has presented no evidence that he did not conceal the forfeitable money prior to the date he purchased the property. Therefore, the conclusion is this action was in fact commenced within five years after the alleged violation was discovered after giving appropriate deductions from that period for the time during which the claimant concealed the money.
 
 
 17
 (citations and footnotes omitted).
 
 
 18
 Concealment is an issue of fact to be determined after submission and review of relevant evidence. See United States v. One Diamond Ring, 2 F.2d 732 (D.C.Wash.1924). Mere assertions or assumptions are ordinarily insufficient. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). We do not believe that claimant's failure to produce evidence to rebut an assumption of concealment can alone be the basis for a finding of concealment. Therefore, a genuine issue of material fact exists as to whether proceeds from claimant's 1973 and 1974 marijuana trafficking were concealed from the government.
 
 
 19
 In his pro se pleadings and brief, claimant argues that the government knew in the summer of 1973 that he had proceeds from his marijuana trafficking. If true, this may present an issue of whether the proceeds are within the reach of Sec. 881(a)(6) at all, as the effective date of that subsection is November 10, 1978. Claimant argues that, in view of the five year limitations period, proceeds acquired more than five years before the statute was passed--before November 10, 1973--cannot be forfeited to the government. It is unclear whether defendant is raising this issue as a due process challenge to the statute if it covers proceeds of drug transactions more than five years before its passage. We do not reach this issue since we do not know when the offense which led to the 1974 conviction was discovered. The plaintiff on remand may clarify whether he raises such an issue.
 
 IV.
 
 20
 For the foregoing reasons, we REVERSE the decision of the District Court and REMAND for further proceedings not inconsistent with this opinion.
 
 
 
 *
 The Honorable Edward H. Johnstone, Senior United States District Judge for the Western District of Kentucky, sitting by designation
 
 
 [1]
 Claimant's argument here is not completely premised on the notion that this is a criminal proceeding. He also argues that the District Court abused its discretion in failing to appoint him counsel, even if the proceedings are purely civil. We disagree. Appointment of counsel in a civil case is not a constitutional right, see Lavado v. Keohane, 992 F.2d 601, 605-06 (6th Cir.1993), and we find that the District Court acted within its discretion in determining that the requisite "exceptional circumstances" warranting appointment of counsel do not exist here. See id