79 F.3d 1148
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Zava Melessi FANNY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-1960.
 United States Court of Appeals, Sixth Circuit.
 March 14, 1996.
 
 Before: KEITH, MARTIN and NELSON, Circuit Judges.
 
 ORDER
 
 1
 Zava Melessi Fanny, a federal prisoner proceeding pro se, appeals a district court order denying a motion that he filed under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On September 8, 1994, pursuant to a Rule 11 plea agreement, Fanny pleaded guilty to one count of importing heroin in violation of 21 U.S.C. § 952. The district court sentenced him to the mandatory minimum of 60 months in prison, followed by four years of supervised release. There was no direct appeal.
 
 
 3
 Fanny asserted one ground for relief in his motion to vacate: that his criminal conviction violated the Double Jeopardy Clause of the Fifth Amendment because it followed an administrative forfeiture of $2000 in cash he was carrying at the time of his arrest. The district court denied the motion to vacate, holding that jeopardy did not attach in the administrative forfeiture proceeding. On appeal, Fanny continues to argue the merits of his ground for relief. He has filed a motion for the appointment of counsel.
 
 
 4
 Fanny did not present his double jeopardy challenge during his original criminal proceeding. Because this issue could have been raised previously but was not, Fanny must establish cause for his failure to raise it earlier and actual prejudice. See United States v. Frady, 456 U.S. 152, 167-68 (1982); Ratliff v. United States, 999 F.2d 1023, 1026 (6th Cir.1993). Fanny has attempted to establish neither. The challenge is without merit in any event.
 
 
 5
 Fanny's criminal prosecution does not violate the prohibition against double jeopardy. Fanny did not participate in the administrative forfeiture proceedings, and therefore, as the district court correctly held, jeopardy did not attach in those proceedings. See United States v. Torres, 28 F.3d 1463, 1465 (7th Cir.), cert. denied, 115 S.Ct. 669 (1994). See also United States v. Ruth, 65 F.3d 599, 603-04 (7th Cir.1995); United States v. Baird, 63 F.3d 1213, 1218-19 (3d Cir.1995), petition for cert. filed, 64 U.S.L.W. 3318 (U.S. Oct. 17, 1995) (No. 95-630); United States v. Cretacci, 62 F.3d 307, 310-11 (9th Cir.1995); United States v. Arreola-Ramos, 60 F.3d 188, 192-93 (5th Cir.1995). For the purpose of double jeopardy analysis, Fanny has been punished only once for his importation of heroin.
 
 
 6
 Moreover, the notice sent by the Customs Service clearly identifies the $2000 seized from Fanny as proceeds of illegal drug transactions. This court has recently held that the forfeiture of drug proceeds under 21 U.S.C. § 881(a)(6) does not constitute punishment for double jeopardy purposes. United States v. Salinas, 65 F.3d 551, 553 (6th Cir.1995).
 
 
 7
 Accordingly, the motion for appointment of counsel is denied. The district court's order, entered on August 21, 1995, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.