**UNITED STATES of America, Plaintiff,**

v.

**Larry Dean DUSENBERY, Defendant.**

**Nos. 5:95–CV–1872, 5:86–CR–102.**

United States District Court,
N.D. Ohio,
Eastern Division.

Jan. 15, 1999.

actions in a state can confer personal jurisdiction over a defendant are not determinative.

sales. The Court finds that Plaintiff United States provided proper notice.

The Court must also determine whether Plaintiff Dusenbery has a right to compensation for personal property that was destroyed upon his conviction or for which he had improper notice of forfeiture. The Court finds that Defendant Dusenbery is not entitled to compensation for the personal property.

Accordingly, the Court grants Plaintiff United States' motion for summary judgment and denies Defendant Dusenbery's motion for summary judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 29, 1986, Defendant Dusenbery was arrested on drug and possession of firearm charges. During a search of Dusenbery's property at the time of the arrest, law enforcement agents seized approximately $21,940 in cash, a 1984 Chevrolet Monte Carlo automobile, and miscellaneous personal property.

After Defendant Dusenbery's conviction,[1] the government, with the assent of the U.S. Attorney's Office, abandoned or destroyed Dusenbery's personal property as evidence. No official forfeiture proceeding was initiated. Dusenbery's right to compensation for this property is at issue.

The government initiated administrative forfeiture proceedings pursuant to 21 U.S.C. § 881(a)(6) with regard to the cash and the automobile as proceeds of drug sales. Defendant Dusenbery did not file a bond to stop the administrative proceedings as required by 21 C.F.R. § 1316.76 and the forfeiture proceeded. Dusenbery claims he did not do so because he never received notice of the forfeiture proceedings.

In 1993, Plaintiff Dusenbery filed a Rule 41(e) motion requesting the return of the seized property. United States District Judge David D. Dowd denied Dusenbery's motion for lack of jurisdiction.[2] On September 25, 1996, the United States Court of

Larry Dean Dusenberry, Terre Haute, IN, pro se.

James L. Morford, Herbert J. Villa, Office of U.S. Attorney, Cleveland, OH, for U.S.

## OPINION AND ORDER

GWIN, District Judge.

On March 26, 1997, Defendant Larry Dean Dusenbery filed a motion for summary judgment in this forfeiture case. [Doc. 138]. On March 28, 1997, Plaintiff United States filed a motion for summary judgment. [Doc. 139]. Both parties supplemented their motions with later briefs. [Docs. 152, 154, 173, 174, and 175].

In this opinion, the Court must determine whether a genuine issue of material fact exists regarding whether the government provided proper notice to Defendant Dusenbery when forfeiting cash proceeds from drug

---

1. Dusenbery pled guilty to the drug charge and was sentenced on July 15, 1986.

2. A complete history of the procedure of this case is set forth in District Judge Dowd's opinion of October 5, 1995 [Doc. 115].

Appeals for the Sixth Circuit vacated the judgment and remanded the case.[3] The Sixth Circuit directed that the district court "construe the matter as a civil action seeking equitable relief and determine whether the government provided Dusenbery with actual notice of the various forfeitures."[4]

Subsequent to the Sixth Circuit opinion, both parties in this case filed motions for summary judgment.

On May 29, 1997, District Court Judge Dowd ordered an evidentiary hearing to determine the value of the personal property and the validity of a prison employee's declaration that notice of the cash's forfeiture was received at the prison where Defendant Dusenbery was incarcerated. At the hearing, the Court presided over a telephone deposition of James Lawson, an Inmate Systems Officer and the Federal Correctional Institution in Milan, Michigan, where Defendant Dusenbery was incarcerated at the time the alleged notice regarding the cash was delivered.

At the hearing, District Court Judge Dowd determined that the personal property should have been returned upon Dusenbery's conviction. Because no forfeiture proceeding was initiated regarding the personal property and the property had been destroyed, Judge Dowd found that Defendant Dusenbery was entitled to the value of the personal property at the time it was seized and not returned. Judge Dowd reduced the value of the property by twenty-five percent because the property was not new at the time of the seizure.

Also at the hearing, Defendant Dusenbery admitted he purchased items of personal property and the 1984 Monte Carlo with proceeds from drugs sales. District Court Judge Dowd directed the parties to brief the issue whether Defendant Dusenbery was entitled to the value of personal property and the vehicle bought with drug money.

On September 15, 1997, before rendering a decision on the issues in this case, District Court Judge Dowd granted Defendant Dusenbery's request for recusal.[5] The case was ultimately reassigned to District Court Judge James S. Gwin, who determines the pending issues herein.

## II. STANDARD OF REVIEW

Fed.R.Civ.P. 56(c) states the procedure for granting summary judgment and says in pertinent part:

[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

In considering a motion for summary judgment, the court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir.1987); *SEC v. Blavin*, 760 F.2d 706, 710 (6th Cir.1985). The moving party has the burden of showing conclusively that no genuine issue of material fact exists. *60 Ivy Street Corp.*, 822 F.2d at 1435.

Essentially factual disputes about matters essential to adjudication preclude the Court from granting summary judgment. *See id.* But not every factual dispute between the parties will prevent summary judgment. Rather, the disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The factual dispute must also be genuine. The facts must be such that if they were proven at trial a reasonable jury could return a verdict for the non-moving party. *Id.* at 248, 106 S.Ct. 2505. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to

---

3. Doc. 121.

4. *Id.*

5. Doc. 160.

resolve the parties' differing versions of the dispute at trial. *60 Ivy Street*, 822 F.2d at 1435 (citing *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Thus, the judge's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue a proper jury question, and not to judge the evidence and make findings of fact. "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *60 Ivy Street*, 822 F.2d at 1436 (quoting *Anderson*, 477 U.S. at 249, 106 S.Ct. 2505).

Both Plaintiff United States and Defendant Dusenbery move for summary judgment. The Court addresses the relevant issues in turn.

## III. ANALYSIS

### A. $21,939 in Cash

Defendant Dusenbery claims he never received proper notice that forfeiture proceedings regarding the seized cash had been instituted. The Court disagrees and grants Plaintiff United States' motion for summary judgment and denies Defendant Dusenbery's motion on this issue.

■ The government admits that the address on the notice was incorrect; instead of reading P.O. Box 1000, the notice was addressed to P.O. Box 100 in Milan, Michigan. The certified mail receipt contained an arguably illegible signature. In its opinion directing District Court Judge Dowd to evaluate the notice in this case, the Sixth Circuit pointed out that the government had not, as of that date, produced sufficient evidence

that a prison employee signed for the forfeiture notice or the standard procedure for processing such notice once it arrived at the prison.

Since the Sixth Circuit's opinion, the government has offered the affidavit of James Lawson, an Inmate Systems Officer at the Milan Facility. Mr. Lawson attested that he signed the certified mail receipt and described the process for forwarding prison mail to the inmates.[6] Mr. Lawson's deposition testimony is consistent with his affidavit.

Defendant Dusenbery counters Mr. Lawson's testimony on two grounds. First, Dusenbery argues that even if the Court accepts that notice arrived at the Milan facility, the government cannot show that notice was forwarded to him. Second, Dusenbery points out that Mr. Lawson admitted he could not be "100%" certain that the signature on the receipt was his; that is, there is a "possibility" that the signature was forged or was signed by the owner of P.O. Box 100 instead of P.O. Box 1000. The Court is not persuaded by Defendant Dusenbery's arguments.

First, the Sixth Circuit does not require the government to show the mail actually reached an inmate in order to satisfy requirements of due process. In *United States v. Real Property, Tree Top, et al.*, 129 F.3d 1266 (TABLE), 1997 WL 702771 (6th Cir. 1997), the Sixth Circuit addressed a contention of inadequate notice posed by an inmate at the Milan facility. The Sixth Circuit found that proof of certified mail sent to an inmate's place of residence satisfied the inmate's due process rights. *Id.* at *2.

The government in this case has provided persuasive evidence that a prison mail room employee, Mr. Lawson, signed the certified mail receipt. This notice was reasonably calculated to notify Defendant Dusenbery of the forfeiture action. Under *Tree Top*, it is not the government's burden to show, as

---

**6.** Mr. Lawson states that as a Mail Room employee at the Milan facility, he reviewed and signed the certified mail receipt. All certified mail is entered into a log book before the mail leaves the Mail Room. A staff member assigned to the inmate signs for the inmate's mail and delivers it to the inmate. Mr. Lawson states that the log book no longer exists. According to prison policy, the log books are disposed of after one year.

Defendant Dusenbery argues, that he actually received the notice.[7]

Dusenbery's assertion that there is a possibility of forgery is similarly unconvincing. Even viewing Dusenbery's argument in a light most favorable to him, the Court cannot recognize a mere possibility of forgery as sufficient evidence to survive a summary judgment motion.

Accordingly, the Court grants the government's motion and denies Defendant Dusenbery's motion with regard to the $21,940 in cash.

### B. 1984 Monte Carlo and Miscellaneous Personal Property

Defendant Dusenbery argues that the government's notice of forfeiture regarding the Monte Carlo was insufficient to notify him of the proceeding. Dusenbery also claims violation of his due process rights when the government destroyed miscellaneous items of personal property after his conviction. Dusenbery makes no allegations of illegal seizure of the car or items of personal property. The government concedes Dusenbery has standing to bring claims about the car despite the fact that Dusenbery's stepmother is the titled owner.[8]

7. Defendant Dusenbery argues this Court cannot rely on *Tree Top*, an unpublished opinion, for its decision here. Dusenbery is correct that Sixth Circuit Rule 24(c) states citation of unpublished opinions is disfavored except for establishing res judicata, estoppel, or the law of the case.

However, the rule also states:
> If counsel believes, nevertheless, that an unpublished disposition has precedential value in relation to a material issue in a case and that there is no published opinion that would serve as well, such decision may be cited if counsel serves a copy thereof on all other parties in the case and on the court. Such service may be accomplished by including a copy of the decision in an addendum to the brief.

The government included a copy of *Tree Top* in its supplemental pleading, Doc. 174. It is undisputed that Defendant Dusenbery received a copy of the opinion, as he references it in his supplemental pleading, Doc. 175.

The sufficiency of notice is a material issue in this case and no other published opinion of the Sixth Circuit falls as squarely on the facts of this case as *Tree Top*. The *Tree Top* opinion is also significant because it was decided after the Sixth Circuit's opinion remanding this case to the district court for determination as to the sufficiency of notice and is the most recent reflection of

At the hearing to determine the value of the personal property, Defendant Dusenbery admitted that the car and personal property were purchased with drug proceeds. District Court Judge Dowd directed the parties to brief the Court about whether Dusenbery's admission disqualifies him from having his vehicle returned to him for lack of proper notice or from being compensated for the personal property's destruction without a forfeiture proceeding.

In other words, this Court is not presented with the issue of sufficiency of notice regarding forfeiture of the Monte Carlo or violation of Dusenbery's due process rights upon the destruction of his personal property.[9] Instead, this Court must determine whether Defendant Dusenbery is entitled to compensation. The Court finds he is not.

The Court notes first that although Judge Dowd identified three items of personal property as being purchased with drug proceeds, Defendant Dusenbery's testimony at the hearing indicates that all items of personal property were purchased with drug proceeds:

> Q: Was any of this [personal] property purchased on credit cards?

Sixth Circuit law on point. Therefore, Defendant Dusenbery's argument that this Court should not rely on *Tree Top* is of no moment.

8. Doc. 149.

9. The Court notes that there appears to be no issue of notice to resolve. In its opinion confirming the district court's jurisdiction over the case, the Sixth Circuit directed the Court to determine the propriety of the government's notice regarding forfeiture of the $21,939 in cash and the Monte Carlo. This Court has already determined that notice regarding the cash was sufficient. *See* Part III.A, *supra*.

With regard to forfeiture of the Monte Carlo, the Sixth Circuit noted the attenuated nature of the evidence of notice. *See* Doc. 121, at 4. Since the Sixth Circuit's opinion, this Court can find no record of the government's offering evidence to support the legitimacy of notice of forfeiture of the Monte Carlo. Further, the evidentiary hearing transcript indicates Dusenbery was entitled to compensation, prior to his admission that the car and personal property were purchased with drug proceeds. Therefore, this Court addresses only the effect of Dusenbery's admission on his right to compensation.

A: No, sir.

Q: Was it purchased by cash?

A: Yes.

Q: And where did the cash come from?

A: It came from me.

Q: Were you employed?

A: No.

Q: Where did the cash come from then?

A: From selling drugs.

\*\*\*\*

The Court: You indicated ... that the source of the money for at least one of the purchases is drug money. Is it your position that all these items were bought with drug money?

Mr. Dusenbery: Yes, your honor.

Evidentiary Hearing Transcript, Doc. 147, at 11–12, 15.

With regard to the Monte Carlo, the Court found it was purchased with drug proceeds:

The Court: How did you acquire that automobile?

Mr. Dusenbery: That automobile was purchased from Michael Groff in 1985. I paid him in cash.

The Court: How much did you pay for it?

Mr. Dusenbery: I paid $8,000 for the car.

The Court: What was the source of the cash?

Mr. Dusenbery: I believe I paid some of the money and—no I believe I paid it all. And it was probably proceeds.

The Court: From drug proceeds?

Mr. Dusenbery: From cocaine sales.

The Court: All right. Well, we'll take that ... the defendant concedes it was purchased by drug proceeds.

Evidentiary Hearing Transcript, Doc. 147, at 22.

Defendant Dusenbery's admission about drug proceeds, combined with his testimony that he had been unemployed since 1983—two years before any of the items or the car at issue was purchased—lead this Court to find that all items of personal property and the car were purchased with drug proceeds. Therefore, the Court's disposition on the issue of compensation applies equally to all the personal property and the Monte Carlo.

Defendant Dusenbery argues he is entitled to compensation for the violation of his rights. The Court is not persuaded.

Acquisition of property through drug proceeds affects a claimant's right to that property in forfeiture actions. In the Sixth Circuit, "one never acquires a property right to [drug] proceeds, which include not only cash but also property secured with the proceeds of illegal activity." *United States v. Salinas,* 65 F.3d 551, 553 (6th Cir.1995). As another court explained, someone who purchases property with drug proceeds "has no reasonable expectation that the law will protect, condone, or even allow, his continued possession of such proceeds because they have their very genesis in illegal activity." *United States v. Tilley,* 18 F.3d 295, 300 (5th Cir. 1994). The Sixth Circuit specifically pointed to *Tilley* for support in the *Salinas* opinion.

Although proper notice was not at issue in either *Salinas* or *Tilley,* the general principle in those cases remains. Defendant Dusenbery has no property rights in the Monte Carlo or the personal property. To order compensation for destruction of this property or improper notice of forfeiture would allow Dusenbery to retain the fruits of illegal activities, his involvement in which is undisputed.

In short, Defendant Dusenbery concedes he purchased the property with drug proceeds. He does not challenge the legality of the seizure of this property. In light of these concessions, this Court can find no genuine issue of material fact which survives for trial.

Further, in light of the illegal source of the Monte Carlo and personal property, it would be against public policy to allow Dusenbery to retain property which he obtained as a result of illegal activity.

Accordingly, the Court declines to exercise its equitable powers to compensate Defendant Dusenbery regarding the Monte Carlo and the personal property.

## IV. CONCLUSION

For the reasons described herein, the Court grants Plaintiff United States' motion

for summary judgment and denies Defendant Dusenbery's motion for summary judgment.

IT IS SO ORDERED.