KING, Circuit Judge,
concurring in the judgment:
With all due respect to my distinguished colleagues in the panel majority, I write separately to concur — on a different basis — in the judgment of reversal. In my view, the Government’s request for forfeiture of the proceeds obtained by the Mann Act conspiracy did not implicate the Excessive Fines Clause of the Eighth Amendment. Thus, I would join the Fifth, Seventh, Eighth, Ninth, and Tenth Circuits in ruling that the purely remedial nature of proceeds forfeiture distinguishes it from the punitive “fines” that are subject to the Excessive Fines Clause, and I would not reach the merits of Jalaram’s constitutional challenge.
As I read its decisions, the Supreme Court has never decided whether the Excessive Fines Clause applies to the forfeiture of criminal proceeds. See, e.g., United States v. Bajakajian, 524 U.S. 321, 328, 118 S.Ct. 2028, 141 L.Ed.2d 314 (1998); Austin v. United States, 509 U.S. 602, 610, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993). According to the panel majority, however, the Court decided this issue in Alexander v. United States, where it remanded an order of various types of forfeiture, including the forfeiture of criminal proceeds, to the Eighth Circuit. See 509 U.S. 544, 558-59, 113 S.Ct. 2766, 125 L.Ed.2d 441 (1993). Yet, if the Court had actually ruled on whether the forfeiture of proceeds implicates the Excessive Fines Clause, the majority’s analysis of this issue would be far more circumscribed. The majority must go the long route, however, because the Supreme Court has never answered this question. Instead, the Alexander Court merely faulted the Eighth Circuit for lumping together Alexander’s Eighth Amendment challenge to his sentence (un *358 der the Cruel and Unusual Punishments Clause) and his forfeiture challenge (under the Excessive Fines Clause). See id. at 558, 113 S.Ct. 2766. To remedy that defect, the Court remanded the forfeiture order so that the Eighth Circuit could conduct the Excessive Fines Clause analysis in the first instance. See id. On remand, that court reached the simple conclusion that I advance today: “Forfeiture of proceeds cannot be considered punishment, and thus, subject to the excessive fines clause, as it simply parts the owner from the fruits of criminal activity.” United States v. Alexander, 32 F.3d 1231, 1236 (8th Cir.1994); see also Austin, 509 U.S. at 622 n. 14, 113 S.Ct. 2801 (“[A] fine that serves purely remedial purposes cannot be considered ‘excessive’ in any event.”).
Several other of our sister courts of appeals have similarly concluded that the forfeiture of proceeds can never be excessive under the Excessive Fines Clause. See, e.g., United States v. Betancourt, 422 F.3d 240, 250 (5th Cir.2005) (“[T]he Eighth Amendment does not apply.”); United States v. Real Prop. Located at 22 Santa Barbara Drive, 264 F.3d 860, 874-75 (9th Cir.2001) (“Because criminal proceeds represent the paradigmatic example of ‘guilty property,’ the forfeiture of which has been traditionally regarded as non-punitive, we follow the Seventh, Eighth, and Tenth Circuits and hold that the excessive fines clause of the Eighth Amendment does not apply.... ”); United States v. One Parcel of Real Prop. Described as Lot 41, Berryhill Farm Estates, 128 F.3d 1386, 1395 (10th Cir.1997) (holding as matter of law that criminal proceeds forfeiture “can never be constitutionally excessive”); Smith v. United States, 76 F.3d 879, 882 (7th Cir.1996) (holding that forfeiture of proceeds “can hardly be termed punishment”).[1]
The majority today departs from these authorities and rules that the forfeiture of criminal proceeds must comply with the Excessive Fines Clause. It justifies this departure by clinging to two propositions that I deem incorrect. First, the majority states that the challenged forfeiture here “does not appear ‘remedial,’ ” because it does not serve the remedial purpose of compensating the Government for a loss. Ante at 354. The majority offers no support for this conclusion, nor does any exist. The Seventh Circuit, for example, has persuasively described how the forfeiture of criminal proceeds is “remedial”:
[Ajlthough in Austin the Court considered the forfeiture of property used to facilitate the drug trade under [21 U.S.C.] § 881(a)(4) and (a)(7), defendants such as Smith have claimed that the reasoning applies as well to items forfeited under § 881(a)(6) as proceeds of drug transactions. The claim is that “proceeds” forfeitures constitute punishment if they are out of proportion to the government’s or society’s loss. Can this be so? No.
The reason the answer is “no” is that proceeds forfeitures can never be out of proportion to the “loss” suffered by the government or society....
*359 That being the case, the forfeiture of proceeds acquired from drug dealing can hardly be termed punishment. Forfeitures of drug proceeds have been analogized to the seizure of proceeds from the robbery of a bank. The money is not rightfully the robbers’, and its seizure “merely places that party in the lawfully protected financial status quo that he enjoyed prior to launching his illegal scheme.” United States v. Tilley, 18 F.3d 295, 300 (5th Cir.1994), cert. denied, 513 U.S. 1015, 115 S.Ct. 573, 574, 130 L.Ed.2d 490 (1994). Or put another way by another court:
Not only are drug proceeds inherently proportional to the damages caused by the illegal activity ... but also one never acquires a property right to proceeds, which include not only cash but also property secured with the proceeds of illegal activity----[Forfeiture of drug proceeds is not punishment, but is remedial in nature.
United States v. Salinas, 65 F.3d 551, 554 (6th Cir.1995).
Smith, 76 F.3d at 882. The majority offers no response to this compelling analysis.
Second, the majority supports its extension of the reach of the Excessive Fines Clause by highlighting the supposed inequities that could result when the Government seeks to forfeit proceeds from a small player in a large and lucrative criminal conspiracy. See ante at 354-56. But, as the majority acknowledges, the law in this Circuit is that coconspirators are jointly and severally liable for the reasonably foreseeable proceeds obtained by the conspiracy, regardless of the individual coconspirator’s share therein. See ante at 351 (citing United States v. McHan, 101 F.3d 1027, 1043 (4th Cir.1996)). This principle is well established, for “[i]t would be absurd to treat [the proceeds of a criminal conspiracy] more leniently than the law treats a lawful partnership, all of whose members are severally as well as jointly liable for the partnership’s debts.” United States v. Spano, 421 F.3d 599, 603 (7th Cir.2005).
In outlining the inequities that could possibly result, the majority disregards the principle of joint and several liability. See ante at 355 (“In a case where a defendant played a truly minor role in a conspiracy that generated vast proceeds, joint and several liability for those proceeds might result in a forfeiture order grossly disproportional to the individual defendant’s offense.” (emphasis added)). The problem is that the “individual defendant’s offense” is not part of our forfeiture analysis in the context of a conspiracy. See McHan, 101 F.3d at 1043. The relevant individual defendant’s offense here is the conspiracy itself. And the proceeds subject to forfeiture are the proceeds obtained by the conspiracy, with every member thereof on the hook for the reasonably foreseeable proceeds obtained by the conspiracy. Simply put, under our precedent, a forfeiture analysis does not turn on the individual role played by Jalaram (or any other conspirator) in a criminal conspiracy.[2]
*360 In short, I would not split from the Fifth, Seventh, Eighth, Ninth, and Tenth Circuits on the question of whether the forfeiture of criminal proceeds implicates the Excessive Fines Clause of the Eighth Amendment.[3] Like those courts, I believe that the forfeiture of such proceeds is purely remedial, and thus not a “fíne” for purposes of the Excessive Fines Clause. For that reason alone, I would reverse the district court’s ruling that the Government’s forfeiture request contravened the Eighth Amendment.
Pursuant to the foregoing, I would reach the same result as the majority, but on a different basis. I therefore concur in the judgment of reversal.

. The majority criticizes the Fifth Circuit’s Betancourt decision (asserting that it unfairly distinguished Bajakajian ), and the Ninth Circuit's opinion in Real Property Located at 22 Santa Barbara Drive (because it never discussed Bajakajian). See ante at 355 n. 7. That criticism, in my view, is unwarranted. The Fifth Circuit in Betancourt merely noted that Bajakajian shed no light on whether the forfeiture of proceeds implicated the Excessive Fines Clause, and followed the multiple authorities cited above in concluding that it did not. And the Ninth Circuit's opinion cited and discussed Bajakajian’s predecessor decision, Austin, in which the Supreme Court laid out the same analysis conducted in Bajakajian.

. Contrary to the majority’s characterization, see ante at 355 n. 8, I do not see our McHan decision as having anything to do with the constitutionality of holding coconspirators jointly and severally liable for the forfeiture of criminal proceeds. Rather, McHan stands for the proposition that Jalaram is jointly and severally liable — under the proceeds forfeiture statute at issue in this appeal — for the reasonably foreseeable proceeds of the Mann Act conspiracy. In light of this precedent, I am unable to agree with the focus, as part of the majority's constitutional analysis, on the individual role played by Jalaram in the conspiracy-

. The majority points to three appellate decisions ruling that proceeds forfeiture is subject to the Excessive Fines Clause. See ante at 355 n. 7. The Eleventh Circuit and Sixth Circuit decisions contain nothing more than a passing observation that the forfeiture sought by the Government was subject to the Excessive Fines Clause. United States v. Browne, 505 F.3d 1229, 1281-82 (11th Cir.2007); United States v. Corrado, 227 F.3d 543, 552 (6th Cir.2000). And the third, decided by the Ninth Circuit, offers no refutation (or even discussion) of the contrary authorities discussed above. United States v. 3814 MW Thurman St., 164 F.3d 1191, 1197 (9th Cir.1999). As such, these authorities do not condone the majority’s classification of the forfeiture of proceeds as “punitive,” as opposed to "remedial,” and they do not sanction its concern with the fairness of holding individual conspirators liable for a conspiracy's proceeds.